**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Terre Haute Division**

|  |  |  |
|---|---|---|
| ROGER TODD, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | **Case No.**   2:19-cv-85-JMS-DLP |
| OCWEN LOAN SERVICING, INC., and DEUTSCHE BANK NATIONAL TRUST CO., as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 , | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

## CASE MANAGEMENT PLAN

I. **PARTIES AND REPRESENTATIVES**

    A.    Plaintiff:    **Roger Todd ("Todd")**

              Defendants:  **Ocwen Loan Servicing, LLC ("Ocwen")**
                              **Deutsche Bank National Trust Co. ("Deutsche Bank")**

    B.    Plaintiff's Counsel:

              Michael P. Maxwell, Jr.
              Travis W. Cohron
              **CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
              320 N. Meridian Street, Suite 1100
              Indianapolis, IN 46204
              Telephone: (317) 637-1321
              mmaxwell@clarkquinnlaw.com
              tcohron@clarkquinnlaw.com

        Defense Counsel:

              David M. Schultz
              Joseph D. Kern
              **HINSHAW & CULBERTSON**
              151 North Franklin Street, Suite 2500
              Chicago, IL 60606
              dshultz@hinshawlaw.com

jkern@hinshawlaw.com
Telephone: (312) 704-3000
*Counsel for Defendants*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.     JURISDICTION AND STATEMENT OF CLAIMS

- Plaintiff filed this case asserting claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq*., the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*., the Fair Credit Reporting Act, the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Truth In Lending Act, 15 U.S.C. § 1639. The basis of subject matter jurisdiction is federal question.  This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. §1367.

- **Plaintiff's Position:** This action is based on the Defendants' various mortgage servicing related errors and failure to follow reasonable procedures to correct and/or cease committing said errors upon receipt of statutorily defined notice to do so.  Because of the acts and omissions of Defendants, Plaintiff is asserting a private right of action under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. §2605(f) for the claimed breaches of the specific rules set forth under Regulation X, a private right of action under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. §1692k for Ocwen's willful or deliberately indifferent conduct in connection with its collection efforts, a private right of action under the Fair Credit Reporting Act pursuant to 15 U.S.C.A. §1681s-2(b) for Ocwen's willful or deliberately indifferent acts and omissions in reporting information regarding the mortgage and in failing to conduct reasonable investigate disputed information, a cause of action under the Telephone Consumer Protection Act for Ocwen's numerous calls to Todd's cellular telephone using an Automated Dialing System and/or Robocalls, breach of contract and fiduciary duty claims against Deutsche Bank, claims against Defendants for violation of the Discharge Injunction, 11 U.S.C. § 524(i), Automatic Stay, & Fed. R. Bankr. P. Rule 3002.1(G), and claims against Deutsche Bank for violation of the Truth In Lending Act, 15 U.S.C. §1601, *et seq.*

- **Ocwen Loan Servicing, LLC's Position:** Ocwen denies all liability and denies the alleged servicing errors.  In particular, Ocwen denies that it violated the TCPA, RESPA, FDCPA, and FCRA.  Put simply, Ocwen denies that Plaintiff has a valid claim under any those statutes.  Ocwen also denies that it violated any orders issued by the bankruptcy court in Plaintiff's bankruptcy proceeding or any other applicable bankruptcy rules.  Plaintiff has no valid claim against Ocwen for any such alleged bankruptcy violations.  Ocwen also denies that it violated Indiana's Crime Victim's Relief Act and denies that Plaintiff has a valid claim under that Act.  Ocwen also denies that Plaintiff suffered any actual damages as a result of the conduct at issue or that Ocwen caused him any actual damages.  Finally, Ocwen denies that Plaintiff is entitled to statutory damages, attorneys' fees, or any other relief.

- **Deutsche Bank National Trust Co.'s Position:** Deutsche Bank denies all liability. In particular, Deutsche bank denies that it breached any contract with Plaintiff or is liable for any alleged breach. It also denies that it violated TILA and denies Plaintiff has a valid claim under TILA. Deutsche Bank also denies that Plaintiff suffered any actual damages as a result of its alleged conduct or that it caused him any actual damages. Deutsche Bank further denies that Plaintiff is entitled to statutory damages, attorneys' fees, or any other relief.

III. **PRETRIAL PLEADINGS AND DISCLOSURES**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 18, 2019**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **June 25, 2019**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **July 2, 2019**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or **July 18, 2019**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **July 18, 2019**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 18, 2020**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 19, 2020**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **March 18, 2020**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior** to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make

      good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **no later than 90 days prior** to the proposed trial month. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **April 18, 2020**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

    If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

> The parties anticipate needing discovery regarding the loan at issue (the "Loan"), Plaintiff's bankruptcy proceeding, Ocwen's servicing of the Loan, Plaintiff's alleged damages, and any applicable policies and procedures. The parties anticipate issuing interrogatories and requests for production and conducting depositions regarding same. The parties do not anticipate a substantial amount of ESI. However, the parties agree to produce any relevant and discoverable ESI in PDF format or a similar format to the extent possible.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

   A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Plaintiff intends to file summary judgment motion on all issues of liability for each of its claims against Defendants stated in *Plaintiff's First Amended Complaint and Demand for Jury Trial* and/or cross-motions for summary judgment in response to any summary judgment motions filed by Defendant.

Defendants anticipate filing a motion for summary judgment as to each of Plaintiff's claims. It is Defendants' position that each of Plaintiff's claims fail for a number of reasons. In particular, Plaintiff's TCPA claim fails because Plaintiff consented to receiving the calls at issue and did not revoke such consent and due to the fact that Ocwen's dialing and/or telephone system at issue was not an automatic telephone dialing system as that term is defined by the TCPA. Similarly, Plaintiff's RESPA claim fails because Ocwen reasonably investigated and responded to Plaintiff's alleged concerns regarding the servicing of the

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Loan and because Plaintiff suffered no actual damages due to Ocwen's alleged non-compliance.  Plaintiff's FCRA claim fails for the same or similar reasons in that Ocwen reasonably investigated and responded to any alleged concerns regarding the reporting of the Loan.  Plaintiff's FDCPA claim fails because any alleged violations were not material nor intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the alleged violations at issue.  Plaintiff's breach of contract claim fails because Deutsche Bank did not breach any contract and is not liable for any alleged breach.

Ongoing investigations may reveal additional information that Defendants may use in support its anticipated motion for summary judgment.  Defendants expressly reserve the right to move for summary judgment as to all of Plaintiff's claims on additional grounds to those presented above.

    B.    Select the track that best suits this case:

<u>X</u> Track 2: Dispositive motions are expected and shall be filed by **February 18, 2020**; non-expert witness discovery and discovery relating to liability issues shall be completed by **December 18, 2020**; expert witness discovery and discovery relating to damages shall be completed by **May 18, 2020**. All remaining discovery shall be completed by no later than **June 18, 2020**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in November 2019.**

**VI.**    **Trial Date**

The parties request a trial date in **July 2020**.  The trial is by **jury** and is anticipated to take **two days**.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.** <u>**Referral to Magistrate Judge**</u>

    A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

    B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.** <u>**Required Pre-Trial Preparation**</u>

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the

        actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

None.

Respectfully submitted, this 1st day of May 2019:

By: */s/Michael P. Maxwell, Jr.*
Michael P. Maxwell, Jr.
Travis W. Cohron
**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
tcohron@clarkquinnlaw.com
mmaxwell@clarkquinnlaw.com
*Counsel for Plaintiff*


By: */s/ Joseph D. Kern (with consent)*
David M. Schultz
Joseph D. Kern
**HINSHAW & CULBERTSON**
151 North Franklin Street, Suite 2500
Chicago, IL 60606
dshultz@hinshawlaw.com
jkern@hinshawlaw.com
Telephone: (312) 704-3000
*Counsel for Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____    _____
Date                                                                   U. S. District Court
                                                                              Southern District of Indiana