UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROGER TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00085-JMS-DLP |
| | ) | |
| OCWEN LOAN SERVICING, INC., | ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Roger Todd's Motion for Judicial Notice, [Filing No. 21], presents a question of timing and interpretation of Rule 201's statement that a "court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Mr. Todd's Complaint alleges (in very rough terms) wide-ranging wrongdoing in Defendants' servicing of Mr. Todd's mortgage. His Motion, however, comes at a time when no one has asked the Court to do anything. No substantive motions currently pend.

The mandatory wording of Rule 201(c)(2), which states a court "must take judicial notice if a party requests it and the court is supplied with the necessary information," may at first blush appear to be in some tension with the discretionary wording of Rule 201(d). But commentators universally agree that "the parties cannot mandate the taking of judicial notice any time they like." Charles Alan Wright et al., 21B Fed. Prac. & Proc. Evid. § 5110 n.6 (2d ed. 2005); *see, e.g.*, Glen Weissenberger & James J. Duane, 1 Fed. Evid. § 201.5 (7th ed. 2018) ("[The district court's decision on whether to take judicial notice under Rule 201(c)(2)] will not be invaded by a reviewing court absent a clear showing of an abuse of discretion and prejudice."). And when these commentators discuss the pretrial "stage[s]" of the proceeding at which judicial notice may be

appropriate under Rule 201(d), they invariably list the types of pretrial **motions** during which parties marshal either factual arguments or are required to indulge in factual assumptions—motions to dismiss, motions for summary judgment, removal proceedings, and motions to certify class actions serve as a few such examples. *See, e.g.*, Wright et al., 21B Fed. Prac. & Proc. Evid. § 5110; Weissenberger & Duane, 1 Fed. Evid. § 201.7.

No authority (and certainly none offered by Mr. Todd, who elected not to file a reply) suggests that a court may or should entertain a freestanding request to take judicial notice absent a ripe dispute between the parties (such as a motion touching on the substance of a claim or defense) or in preparation for trial, when the parties' claims and defenses must be pared down for presentation to the jury. There are at least two good reasons for the significance of the timing of judicial notice. First, until there is an actual and concrete need to consider evidence, it is very difficult (and perhaps impossible) to assess the propriety of an evidentiary motion. *Cf., e.g.*, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) ("At this stage in the litigation, no one knows whether Rental's assets are more valuable because the district court shut down the conventional fact finding process by taking judicial notice."); *United States ex rel. Robinson v. Ind. Univ. Health Inc.*, 204 F. Supp. 3d 1040, 1045 (S.D. Ind. 2016) (holding that the decision to strike deposition errata changes pursuant to the sham errata change doctrine should wait "until the court is actually asked to decide" a motion for summary judgment). Even in the one context where a freestanding evidentiary motion is appropriate—in preparation for trial—the Court's ruling will frequently be preliminary and subject to revision if necessary in light of the evidence introduced at trial. *See, e.g.*, Wright et al., 21B Fed. Prac. & Proc. Evid. § 5110; *cf., e.g.*, *Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999).

A second, related reason is one of judicial economy. Courts generally disfavor collateral motions, divorced from efforts to advance the merits of the case. *Cf., e.g.*, S.D. Ind. L.R. 56-1(i) ("The court disfavors collateral motions—such as motions to strike—in the summary judgment process."). As Judge Easterbrook recently held, parties seeking judicial notice on appeal should "[j]ust refer to the evidence in the[ir] brief and explain there why it is relevant and subject to judicial notice" because "[t]here's no need to engage in motions practice, require the attention of additional appellate judges, and defer briefing." *In re Lisse*, 905 F.3d 495, 497 (7th Cir. 2018) (Easterbrook, J., in chambers).

Judge Easterbrook's reasoning is just as applicable to practice in the trial court. Collateral motions waste the Court's time. Except for evidentiary motions preparatory for trial, requests for judicial notice should be made in briefs filed in support of merits-advancing motions. Otherwise, they simply divert scarce judicial resources, distract from the merits, and risk an advisory opinion that would have no value unless and until the judicially-noticed evidence is relied upon by a party.

Mr. Todd's Motion for Judicial Notice [21] is **DENIED WITHOUT PREJUDICE** to raising his arguments about judicial notice at an appropriate juncture. Should Mr. Todd later renew his request, he should first carefully consider the limitations on the judicial notice doctrine provided in prevailing case law.

Date: 6/25/2019

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF to Registered Counsel**