UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROGER TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:19-cv-00085-JMS-DLP |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, INC., and | ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., | ) | |
| as Trustee for NovaStar Mortgage Funding | ) | |
| Trust, Series 2007-1, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR PRODUCTION**

Defendant Ocwen Loan Servicing, LLC ("Defendant"), incorrectly named in the caption as Ocwen Loan Servicing, Inc., through its undersigned counsel, responds to Plaintiff Roger Todd's Requests for Production as follows:

1.      Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents referring to, relating to and/or justifying each and every assessed fee, expense and/or charge shown in the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial.*

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information**

Exhibit B

**such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

2.     Full and complete copies of all invoices, notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying the following fees and expenses assessed during the Bankruptcy Case: broker price opinion ("BPO") on October 24, 2014 ($121.00), attorney fees for the "Review of Plan/Notice of Appearance on June 6, 2013 ($150.00), and "Prior Servicer Fees" on June 6, 2014 ($1,471.71), July 8, 2014 ($519.82), and September 8, 2014 ($68.75).

**<u>RESPONSE:</u> Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

3.     As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all invoices, notices, notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying the following fees and expenses assessed after the Bankruptcy Case:

| Provider | Description | Date of Service | Amount |
|----------|-------------|-----------------|--------|
| Altisource | Ocwen BPO | 06/21/2016 | $110.00 |

303747771v1 1018199

# Exhibit B

| Provider | Description | Date of Service | Amount |
|----------|-------------|-----------------|--------|
| Altisource | No Contact Inspection | 8/3/2016 | $13.25 |
| Altisource | No Contact Inspection | 12/14/2016 | $13.25 |
| Altisource | No Contact Inspection | 12/27/2016 | $13.25 |
| Altisource | No Contact Inspection | 1/16/2016 | $13.25 |
| Altisource | Exterior Property Inspection | 2/14/2016 | $13.25 |
| Altisource | Exterior Property Inspection | 3/16/2016 | $13.25 |
| Altisource | Exterior Property Inspection | 4/18/2016 | $14.50 |
| Altisource | Exterior Property Inspection | 5/19/2016 | $14.50 |
| Altisource | Exterior Property Inspection | 6/19/2016 | $14.50 |
| Altisource | Exterior Property Inspection | 7/24/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 8/3/2016 | $14.50 |
| Altisource | Exterior Property Inspection | 12/14/2016 | $14.50 |
| Altisource | Exterior Property Inspection | 12/27/2016 | $14.50 |
| Altisource | Exterior Property Inspection | 1/16/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 2/14/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 3/16/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 4/18/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 5/19/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 6/19/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 7/24/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 8/25/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 9/26/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 10/28/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 11/28/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 12/28/2017 | $14.50 |
| Altisource | Exterior Property Inspection | 1/29/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 3/2/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 4/2/2018 | $14.50 |
| Altisource | Ocwen BPO | 4/5/2018 | $110.00 |
| Altisource | Exterior Property Inspection | 4/30/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 6/5/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 7/10/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 7/31/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 9/4/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 10/3/2018 | $14.50 |
| Altisource | Exterior Property Inspection | 1/9/2018 | $14.50 |

**RESPONSE:**  Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections,

303747771v1 1018199

Exhibit B

see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.

4.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying each of the following balances in Suspense as reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*: $2,417.68 on or about November 7, 2012; $5,263.43 on or about May 6, 2013; $2,868.13 on or about February 9, 2015; $874.17 on or about July 5, 2016; $1,941.18 on or about August 29, 2016; and $26,975.16 on or about November 15, 2016.

**RESPONSE:** Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.

303747771v1 1018199

Exhibit B

5.     As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying Ocwen's reversal of payments totalling $1,944.12 on or about July 6, 2015, which had previously paid from Suspense.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

6.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why Ocwen's reversal of payments totaling $1,944.12 on or about July 6, 2015, previously paid from Suspense, were not returned to Suspense or applied elsewhere.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Defendant also objects to the above request on the basis that it assumes and/or is based on the premise that the $1,944.12 was "not**

5

**Exhibit B**

returned to Suspense or applied elsewhere." **Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

7.      Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying the current whereabouts of the reversal of payments totaling $1,944.12 on or about July 6, 2015.

**<u>RESPONSE:</u> Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

8.      As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying Ocwen's reversal of payments totaling $972.06 on or about July 22, 2015, which had previously been paid from Suspense.

303747771v1 1018199

# Exhibit B

**RESPONSE:** Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.

9.      Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why $402.90 of Ocwen's reversal of payments totaling $972.06 on or about July 22, 2015, funds previously moved from Suspense, were not returned to Suspense or applied elsewhere.

**RESPONSE:** Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Defendant also objects to the above request on the basis that it assumes and/or is based on the premise that the $402.90 was "not returned to Suspense or applied elsewhere." Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social

303747771v1 1018199

Exhibit B

**security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

10.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying the current whereabouts of the $402.90 of Ocwen's reversal of payments totaling $972.06 on or about July 22, 2015, previously moved from Suspense but not applied elsewhere as set forth above.

**<u>RESPONSE:</u> Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Defendant also objects to the above request on the basis that it assumes and/or is based on the premise that the $402.90 was "not returned to Suspense or applied elsewhere."  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

11.     As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why Ocwen's "BK Escrow Adjustment" on August 6,

303747771v1 1018199

Exhibit B

2015, resulted in the transfer of $569.16 from Suspense that was not transferred to Todd's escrow account, used to pay taxes or insurance, or returned to Suspense.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

12.     As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why on August 2, 2016, Ocwen posted Todd's payment of $600.00 as a Suspense payment but his Suspense balance did not increase.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information**

9

Exhibit B

such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.

13.    As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why on January 4, 2017, Ocwen increase the principal balance of the Loan by $4,343.35.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

14.    As reflected by the Life of Loan History attached as "Exhibit C" to the *Plaintiff's First Amended Complaint and Demand for Jury Trial*, full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why beginning on February 2, 2017, Ocwen increased the principal and interest portion of Todd's monthly payment obligation from $435.51 to $488.15.

10

303747771v1 1018199

**Exhibit B**

**RESPONSE:** **Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

15. Full and complete copies of each and every notice of payment change or notice of interest rate change sent by Ocwen to Todd in connection with Ocwen's increase of the principal and interest portion of Todd's monthly payment obligation from $435.51 to $488.15 beginning on February 2, 2017.

**RESPONSE:** **Defendant denies it increased the payment as referenced in the above request on February 2, 2017.**

16. An up to date and exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any legal fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, legal fees, escrow fees, processing fees or any other collateral charge. Also, to the extent this life of loan transactional history includes numeric or alphanumeric codes,

11

Exhibit B

please attach a complete list of all such codes and state in plain English a short description for each such code.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

17.     Copies of any and all servicing notes related to Ocwen's servicing of the loan at issue herein.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case. Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the subject note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number. Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

12

Exhibit B

18.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why during the Bankruptcy Case from April of 2011 to November of 2011 Ocwen applied $163.64 to escrow from each payment it received from Todd via the Trustee as opposed to applying $97.54 to escrow per Ocwen's *Proof of Claim* and the *Chapter 13 Plan* filed in the Bankruptcy Case.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, Defendant states that it did not begin servicing the Loan until April 2012, and as such, cannot speak to the prior servicer's application of payments made prior to then.  However, Defendant refers Plaintiff to the servicing notes and records produced contemporaneously herewith to the extent they include information responsive to the above request.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

19.     Full and complete copies of each and every Notice of Payment Change for the escrow increase described in the immediately preceding request.

**RESPONSE: Defendant states that it did not begin servicing the Loan until April 2012, and as such, cannot speak to the prior servicer's notices prior to then.  However, Defendant refers Plaintiff to the servicing notes and records produced contemporaneously herewith to the extent they include information responsive to the above request.  Please**

13

303747771v1 1018199

Exhibit B

note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.

20.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying why during the Bankruptcy Case from December of 2011 to August of 2012, Ocwen applied $163.64 to escrow from each payment it received from Todd via the Trustee as opposed to applying $0.01 per the Notice of Payment Change filed by Ocwen on November 16, 2011.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, Defendant did not begin servicing the Loan until April 2012, and as such, cannot speak to the prior servicer's application of payments made prior to then.  Answering further, Defendant refers Plaintiff to the servicing notes and records produced contemporaneously herewith.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

21.     A complete statement of the amount of money which the Borrower must pay to cure any alleged outstanding default(s) on this loan and itemizing the components of that cure

14

Exhibit B

payment figure including principal, accrued interest, late fees, corporate advances, legal fees and any other fees and charges included in the sum required to cure any outstanding default(s).

**RESPONSE: As stated in correspondence dated April 17, 2019 from Defendant's Counsel to Plaintiff's Counsel, Defendant applied a credit to the Loan in the amount of $1,598.49. That amount sufficiently accounted for any fees and charges Plaintiff alleges were improperly assessed on the Loan. That amount also brought the Loan current through April 1, 2019, with the next installment due May 1, 2019. A more recent payoff statement dated May 30, 2019 reflects the amount due on the Loan as of that date. Both the April 17, 2019 letter and May 30, 2019 payoff statement are produced contemporaneously herewith.**

22.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring or relating to each and every telephone call regarding the Loan made by a representative of Ocwen to Todd, including **without limitation** the following telephone calls to Todd:

      a.     On January 31, 2018 at approximately 6:12 p.m. Eastern Time.

      b.     On February 13, 2018, at approximately 2:24 p.m. Eastern Time.

      c.     On February 16, 2018 at approximately 3:04 p.m. Eastern Time.

      d.     On March 2, 2018 at approximately 5:29 p.m. Eastern Time.

      e.     On March 9, 2018 at approximately 12:52 p.m. Eastern Time.

      f.     On March 15, 2018 at approximately 4:12 p.m. Eastern Time.

      g.     On March 22, 2018 at approximately 9:32 p.m. Eastern Time.

      h.     On March 27, 2018 at approximately 6:56 p.m. Eastern Time.

      i.     On April 3, 2018 at approximately 12:26 p.m. Eastern Time.

      j.     On April 6, 2018 at approximately 2:56 p.m. Eastern Time.

303747771v1 1018199

Exhibit B

k.      On April 11, 2018 at approximately 12:55 p.m. Eastern Time.

l.      On April 19, 2018 at approximately 2:20 p.m. Eastern Time.

m.      On April 23, 2018 at approximately 2:58 p.m. Eastern Time.

n.      On April 24, 2018 at approximately 12:26 p.m. Eastern Time.

o.      On April 25, 2018 at approximately 11:37 a.m. Eastern Time.

p.      On April 26, 2018 at approximately 10:06 a.m. Eastern Time.

q.      On April 27, 2018 at approximately 10:41 a.m. Eastern Time.

r.      On May 2, 2018 at approximately 11:38 a.m. Eastern Time.

s.      On May 3, 2018 at approximately 10:27 a.m. Eastern Time.

t.      On May 4, 2018 at approximately 11:00 p.m. Eastern Time.

u.      On May 5, 2018 at approximately 4:26 p.m. Eastern Time.

v.      On May 10, 2018 at approximately 10:30 a.m. Eastern Time.

w.      On May 11, 2018 at approximately 11:38 a.m. Eastern Time.

x.      On May 15, 2018 at approximately 9:39 a.m. Eastern Time.

y.      On May 19, 2018 at approximately 10:40 a.m. Eastern Time.

z.      On May 26, 2018 at approximately 9:48 a.m. Eastern Time

aa.     On June 8, 2018 at approximately 11: 43 a.m. Eastern Time.

bb.     On June 12, 2018 at approximately 11: 44 a.m. Eastern Time.

cc.     On June 15, 2018 at approximately 11: 45 a.m. Eastern Time.

dd.     On June 19, 2018 at approximately 3: 28 p.m. Eastern Time.

ee.     On June 22, 2018 at approximately 11:34 p.m. Eastern Time.

ff.     On June 26, 2018 at approximately 5:54 p.m. Eastern Time.

gg.     On July 2, 2018 at approximately 5:54 p.m. Eastern Time.

hh.     On July 9, 2018 at approximately 11:55 a.m. Eastern Time.

ii.     On July 12, 2018 at approximately 11:12 a.m. Eastern Time.

303747771v1 1018199

Exhibit B

jj.     On July 16, 2018 at approximately 1:56 p.m. Eastern Time.

kk.    On July 19, 2018 at approximately 12: 54 p.m. Eastern Time.

ll.     On July 24, 2018 at approximately 11:11 a.m. Eastern Time.

mm.  On July 27, 2018 at approximately 12: 24 p.m. Eastern Time.

nn.    On August 9, 2018 at approximately 9:26 a.m. Eastern Time.

oo.    On August 16, 2018 at approximately 10: 06 a.m. Eastern Time.

pp.    On August 21, 2018 at approximately 10:19 a.m. Eastern Time.

qq.    On August 24, 2018 at approximately 10:04 a.m. Eastern Time.

rr.     On August 28, 2018 at approximately 11:32 a.m. Eastern Time.

ss.     On August 31, 2018 at approximately 5:24 p.m. Eastern Time.

tt.     On September 5, 2018 at approximately 11:42 a.m. Eastern Time.

uu.    On September 10, 2018 at approximately 12:30 p.m. Eastern Time.

vv.    On September 13, 2018 at approximately 10:46 a.m. Eastern Time.

ww.   On September 19, 2018 at approximately 12:28 p.m. Eastern Time.

xx.    On September 24, 2018 at approximately 3:22 p.m. Eastern Time.

yy.    On September 27, 2018 at approximately 12: 28 p.m. Eastern Time.

zz.    On October 2, 2018 at approximately 12:51 p.m. Eastern Time.

aaa.   On October 5, 2018 at approximately 12:47 p.m. Eastern Time.

bbb.  On October 10, 2018 at approximately 4:34 p.m. Eastern Time.

ccc.   On October 15, 2018 at approximately 12:40 p.m. Eastern Time.

ddd.  On October 18, 2018 at approximately 11:22 p.m. Eastern Time.

eee.   On October 23, 2018 at approximately 1:07 p.m. Eastern Time.

fff.    On October 26, 2018 at approximately 11:50 a.m. Eastern Time.

ggg.  On October 31, 2018 at approximately 12:11 p.m. Eastern Time.

hhh.  On November 6, 2018 at approximately 12:39 p.m. Eastern Time.

303747771v1 1018199

Exhibit B

iii.     On November 13, 2018 at approximately 11:54 p.m. Eastern Time.

jjj.     On December 10, 2018 at approximately 12:52 p.m. Eastern Time.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records and call logs produced contemporaneously herewith.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

23.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring or relating to Todd consenting or withdrawing consent to receive calls to his cellular phone regarding the Loan from a representative of Ocwen.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records and call logs produced contemporaneously herewith.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

24.     Full and complete copies of all policies, practices, and procedures regarding Ocwen's use of automatic dialing systems, predictive dialers, and equipment with the capacity to

303747771v1 1018199

Exhibit B

dial telephone numbers without human intervention implemented or followed by Ocwen during the past 5 years.

**RESPONSE:** **Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, the above request assumes and/or is based on the premise that Defendant used "automatic dialing systems, predictive dialers, and equipment with the capacity to dial telephone numbers without human intervention."  Defendant rejects this assumption and/or premise and thus cannot respond to the above request as phrased.**

25.     Documents that identify the owner, manufacturer, installer, make and/or model of any and all automatic dialing systems, predictive dialers and equipment with the capacity to dial telephone numbers without human intervention used by representatives of Ocwen to call Todd in connection with the Loan.

**RESPONSE:** **Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, the above request assumes and/or is based on the premise that Defendant used "automatic dialing systems, predictive dialers and equipment with the capacity to dial telephone numbers without human intervention" to call Plaintiff. Defendant rejects such assumption and/or premise and thus cannot respond to the above request as phrased.**

303747771v1 1018199

Exhibit B

26.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying the following:

a.     The Mortgage Account Statement forwarded to Todd on or about November 8, 2016, which is attached as "Exhibit E" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*, seeking immediate payment of $14,256.83.

b.     The Delinquency Notice mailed to Todd on November 8, 2016, which is attached as "Exhibit F" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*, seeking immediate payment of $14,449.12.

c.     The correspondence directed to Todd on or about December 14, 2016, entitled "Funds Returned," which is attached as "Exhibit G" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

d.     The January 6, 2017, letter mailed to Todd by Ocwen stating he is default and stating that if he remains in default he will lose his home.

e.     The Notice of Default, seeking immediate payment of $1,951.93, mailed by Ocwen to Todd on January 6, 2017.

f.     The Delinquency Notice, seeking immediate payment of $2,624.20, mailed by Ocwen to Todd on January 10, 2017.

g.     The Delinquency Notice, seeking immediate payment of $1,384.96 to avoid foreclosure, mailed by Ocwen to Todd on January 25, 2017, which is as "Exhibit H" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

h.     The Delinquency Notice, seeking immediate payment of $1,522.97, mailed by Ocwen to Todd, dated February 15, 2017.

i.     The Notice of Default, seeking immediate payment of $870.48, mailed by Ocwen to Todd, dated February 24, 2017.

j.     The correspondence to Todd, dated March 13, 2017, stating: "We have not received your 02/01/2017 through 03/01/2017 mortgage payments."

k.     The Delinquency Notice, seeking immediate payment of $1,608.49, mailed by Ocwen to Todd, dated March 20, 2017.

l.     The Delinquency Notice, seeking immediate payment of $956.00, mailed by Ocwen to Todd, dated March 28, 2017.

303747771v1 1018199

# Exhibit B

m.  The Delinquency Notice, seeking immediate payment of $1,694. 01, mailed by Ocwen to Todd, dated April 18, 2017.

n.  The Pre-Foreclosure Notice mailed by Ocwen to Todd, dated April 27, 2017, which is attached as "Exhibit I" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

o.  The Notice of Default, seeking immediate payment of $1,041.52, mailed by Ocwen to Todd, dated April 2 7, 2017.

p.  The Delinquency Notice, seeking immediate payment of $1,770.01, mailed by Ocwen to Todd, dated May 22, 2017.

q.  The Notice of Default, seeking immediate payment of $1,113.79, mailed by Ocwen to Todd, dated May 25, 2017.

r.  The Notice of Default, seeking immediate payment of $1,205. 54, mailed by Ocwen to Todd, dated June 28, 2017.

s.  The Notice of Default, seeking immediate payment of $1,268.29, mailed by Ocwen to Todd, dated July 25, 2017.

t.  The Notice of Default, seeking immediate payment of $1,402.61, mailed by Ocwen to Todd, dated September 27, 2017.

u.  The Notice of Default, seeking immediate payment of $1,465.72, mailed by Ocwen to Todd, dated October 25, 2017.

v.  Notice of Default, seeking immediate payment of $1,473.08, mailed by Ocwen to Todd, dated November 29, 2017.

w.  The Notice of Default, seeking immediate payment of $1,439.00, mailed by Ocwen to Todd, dated December 27, 2017.

x.  The correspondence Ocwen mailed to Todd, dated January 2, 2018 and titled "Assistance Options May Be Available," stating the Loan was past due for the November 1, 2017, through January 1, 2018, payments and that the total amount owed was $2,032.18, which is attached as "Exhibit J" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

y.  The correspondence Ocwen mailed to Todd dated January 4, 2018, seeking the 11/1/2017 through 1/1/2018 payments on the Loan.

z.  The Notice of Default, seeking immediate payment of $1,446.68, mailed by Ocwen to Todd, dated January 24, 2018.

aa.  The Notice of Default, seeking immediate payment of $1,461.40, mailed by Ocwen to Todd, dated March 27, 2018.

303747771v1 1018199

**Exhibit B**

bb.    The correspondence Ocwen mailed to Todd, dated April 24, 2018, and titled "Assistance Options May Be Available," stating the Loan was past due for the March and April payments in the amount of $585.56 each.

cc.    The Notice of Default, seeking immediate payment of $1,586.12, mailed by Ocwen to Todd, dated May 30, 2018, which is attached as "Exhibit K" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

dd.    The Notice of Default, seeking immediate payment of $1,593.48, mailed by Ocwen to Todd, dated June 27, 2018, which is attached as "Exhibit L" to *Plaintiff's First Amended Complaint and Demand for Jury Trial.*

ee.    The Notice of Default, seeking immediate payment of $1,593.54 and stating: "In order to cure the default, payment for the entire total amount past due, plus any amount(s) becoming due in the interim, must be received on or before 08/31/2018, at the address listed on page four of this notice," mailed by Ocwen to Todd, dated July 25, 2018, which is attached as "Exhibit M" to *Plaintiff's First Amended Complaint and Demand for Jury Trial.*

ff.    The correspondence Ocwen mailed to Todd, dated July 30, 2018, and titled "Assistance Options May Be Available," stating the account was due for 6/1/2018 through 711/2018, in the amount of $585.56 each.

gg.    The Notice of Default, seeking immediate payment of $1,593.31, mailed by Ocwen to Todd, dated August 24, 2018, which is attached as "Exhibit N" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

hh.    The Notice of Default, seeking immediate payment of $1,593.08, mailed by Ocwen to Todd, dated September 25, 2018, which is attached as "Exhibit O" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

ii.    The Notice of Default, seeking immediate payment of $1,592.85, mailed by Ocwen to Todd, dated October 26, 2018, which is attached as "Exhibit P" to *Plaintiff's First Amended Complaint and Demand for Jury Trial*.

jj.    The Notice of Default, seeking immediate payment of $2,177.89 and stating, "Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security, foreclosure by judicial proceeding and sale of the Property," mailed by Ocwen to Todd, dated December 12, 2018, which is attached as "Exhibit Q" to *Plaintiff's First Amended Complaint and Demand for Jury Trial.*

303747771v1 1018199

# Exhibit B

kk.  The Notice of Default, seeking immediate payment of $2,206.38 and stating: "Mortgage payments on the above referenced account are past due, which has cause a default under the terms of the Mortgage or Deed of Trust," mailed by Ocwen to Todd, dated January 4, 2019, which is attached as "Exhibit R" to *Plaintiff's First Amended Complaint and Demand for Jury Trial.*

**RESPONSE:** **Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, seeks information protected by the attorney-client privilege, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

27.  Full and complete copies of all credit reporting data and/or e-Oscar AUD's provided to any credit reporting agency with regard to the loan at issue herein.

**RESPONSE:** **Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the AUDs produced contemporaneously herewith.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

23

**Exhibit B**

28.    Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying Ocwen's response to Todd's "NOE No. 1," which response is identified in paragraphs 220 and 221 of the *Plaintiff's First Amended Complaint and Demand for Jury Trial* and attached thereto as "Exhibit W."

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

29.    Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying Ocwen's response to Todd's "NOE No. 2," which response is identified in paragraphs 235 and 239 of the *Plaintiff's First Amended Complaint and Demand for Jury Trial* and attached thereto as "Exhibit Y."

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the note and mortgage.  Please note the records produced**

303747771v1 1018199

Exhibit B

herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.

30.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to and/or justifying Ocwen's response to Todd's "NOE No. 3," which response is identified in paragraphs 255 and 258 of the *Plaintiff's First Amended Complaint and Demand for Jury Trial* and attached thereto as "Exhibit BB."

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the note and mortgage. Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

31.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents referring to, relating to Todd's "NOE No. 4," which is identified in paragraphs 259 and 260 of the *Plaintiff's First Amended Complaint and Demand for Jury Trial* and attached thereto as "Exhibit CC. "

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without**

303747771v1 1018199

Exhibit B

**waiving said objections, see the servicing notes and records produced contemporaneously herewith, along with copies of the note and mortgage.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

32.     A full and complete copy of all servicing agreements, servicing contracts, or other memoranda setting forth or describing the terms, limitations, and/or scope of Ocwen's servicing duties as they relate to Deutsche Bank and the Loan.

**<u>RESPONSE:</u> Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

33.     A full complete copy of Ocwen's entire servicing file relative to the Loan, including without limitation a full and complete copy of all servicing notes, collection notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents generated in connection with the servicing of this loan as well as all correspondence and documents directed to Todd or received by Ocwen from Todd, including without limitation all recordings of all telephone calls between Todd and any representative of Ocwen.

**<u>RESPONSE:</u> Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records, call logs, and call recordings produced contemporaneously herewith.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his**

26

# Exhibit B

social security number.  **Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

34.     Full and complete records of all payments and all disbursements related to the Loan, including without limitation all transaction histories, account reconciliation histories, bankruptcy reconciliation histories, life of loan histories, and monthly statements.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.  Subject to and without waiving said objections, see the servicing notes and records produced contemporaneously herewith.  Please note the records produced herewith contain certain redaction to help limit the disclosure of Plaintiff's personal information such as his social security number.  Please note they also contain redactions where applicable to protect communications protected by the attorney-client privilege.**

35.     Full and complete copies of all servicing manuals, memoranda, notes, polices, and employee training materials related to reviewing, analyzing, and responding to Notices of Errors pursuant to 12 C.P.R. §1024.35 and/or responding to any other correspondence from a borrower regarding concerns or potential errors with their loans.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

36.     Full and complete copies of any and all contracts and vendor policies that Ocwen has with any outside entity or vendor that Ocwen utilizes for the mailing of any notices related to

303747771v1 1018199

Exhibit B

the Loan, including without limitation for mailing acknowledgments of, or responses to, Notices of Error pursuant to 12 C.P.R.§ 1024.35.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

37.     A full and complete copy of the employment file of each Ocwen employee who was personally involved in the investigation or review of Todd's various Notices of Error or other written correspondence provided by Todd or on Todd's behalf, the preparation of any response to Todd's various Notices of Error or written correspondence, was a party to any telephone conversation with Todd, or was otherwise tasked by Ocwen to correct any errors associated with the Loan.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

38.     Full and complete copies of any and all documents relating to policies or directives of Ocwen regarding treatment of loans and mortgage accounts of debtors involved in a Chapter 13 bankruptcy, including without limitation and post-petition payment application policies and directives.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

39.     Full and complete copies of any and all documents relating to policies or directives regarding collection procedures for loans or mortgage accounts that were involved in a

303747771v1 1018199

Exhibit B

Chapter 13 bankruptcy, including without limitation policies or directives directly affecting the Loan.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

40.     Copies of any and all consumer complaints provided to Ocwen from the Consumer Financial Protection Bureau related to the issue characterized by the Consumer Financial Protection Bureau's Consumer Complaint Database as "Loan modification, collection, foreclosure" during the time period from January of 2018 to the present.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

41.     Copies of any and all of Ocwen's responses to the consumer complaints produced in response to the immediately preceding request.

**RESPONSE: Defendant objects to the above request on the basis that it is overly broad, unduly burdensome, vague, and seeks information neither relevant to the claims or defenses in this matter nor proportional to the needs of this case.**

42.     Each and every document identified in any response to any interrogatory served by Todd in this lawsuit.

**RESPONSE:  Plaintiff has not served any interrogatories on Defendant.**

43.     A copy of each and every exhibit you intend to use at trial on this matter.

**RESPONSE: Defendant objects to the above request on the basis that it is premature.   Subject  to  and  without  waiving  said  objections,  Defendant  has  not  yet**

303747771v1 1018199

# Exhibit B

determined what exhibits it will use at trial. However, Defendant expressly reserves the right to use any documents produced or identified in discovery by the parties. Defendant also expressly reserves the right to use any documents obtained from any third-parties. Finally, ongoing investigations and discovery may reveal additional documents that Defendant may use at trial. Defendant expressly reserves the right to use such documents.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Joseph D. Kern*
Joseph D. Kern

David M. Schultz
Joseph D. Kern
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jkern@hinshawlaw.com

303747771v1 1018199

Exhibit B

## <u>CERTIFICATE OF SERVICE</u>

  I, Joseph D. Kern, an attorney, certify that on June 25, 2019, caused to be served a copy of the foregoing **DEFENDANT OCWEN LOAN SERVICING, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

☐ ECF
☐ Facsimile
☐ UPS
☐ U.S. Mail
☒ E-Mail
☐ Messenger Delivery

To: All Parties of Record

             */s/ Joseph D. Kern*
             Joseph D. Kern

303747771v1 1018199

Exhibit B