## Travis Cohron

| | |
|---|---|
| **From:** | Kern, Joseph D. <JKern@hinshawlaw.com> |
| **Sent:** | Thursday, October 24, 2019 12:42 PM |
| **To:** | Travis Cohron |
| **Cc:** | nick@nickwooten.com; Schultz, David |
| **Subject:** | RE: Todd v. Ocwen - Outstanding Discovery Issues (Continued) |

Travis,

We can discuss your comments and any outstanding issues during our call in about 20 mins.  However, I wanted to propose 12/18 for Ocwen's 30(b)(6).  That date works for us and our witness.  Does it work on your end?  Also, unless you see a need to have that dep. proceed in West Palm Beach, we can do it at your office.  That is how you previously noticed the dep. and was where we understood it would proceed.  It just seems easier and less costly than having all of us travel down to Florida (as much as I may like to in the middle of December to avoid the cold).

Thanks.

**Joseph D. Kern**
Associate
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL 60606
Tel: 312-704-3417
JKern@hinshawlaw.com | hinshawlaw.com



**From:** Travis Cohron <tcohron@clarkquinnlaw.com>
**Sent:** Thursday, October 24, 2019 9:10 AM
**To:** Kern, Joseph D. <JKern@hinshawlaw.com>
**Cc:** nick@nickwooten.com; Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Todd v. Ocwen - Outstanding Discovery Issues (Continued)

**\*\*\* External email \*\*\***

Joe:

Please see my comments below.

Many thanks,

Travis

**Travis Cohron**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
317.637.1321 Phone  317.687.2344 Fax

1

Exhibit F

tcohron@clarkquinnlaw.com
www.clarkquinnlaw.com



Confidentiality Notice:

The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received the contents of this electronic mail transmission in error, please immediately notify the sender by telephone at (317) 637-1321 or send an electronic message to tcohron@clarkquinnlaw.com, and thereafter, destroy it immediately.

**From:** Kern, Joseph D. [mailto:JKern@hinshawlaw.com]
**Sent:** Wednesday, October 23, 2019 5:51 PM
**To:** Travis Cohron
**Cc:** nick@nickwooten.com; Mike P. Maxwell; Schultz, David
**Subject:** RE: Todd v. Ocwen - Outstanding Discovery Issues (Continued)

Travis,

I know you emailed me separately about scheduling a call tomorrow afternoon regarding the outstanding discovery issues.  Does 12 pm CST work?

Also, below please see my follow up comments to some of the remaining issues.

We need the privilege log and a supplement RFP response in advance of the to be calendared discovery conference with Magistrate Judge Pryor to identify any other documents being withheld subject to our previous requests.  **We're working to get you a privilege log regarding the redactions in our production. Other than those redactions, and our communications with our client and/or internally, we're not withholding anything based on privilege at this time. I assume you don't need a privilege log for every communication we've had with our client or internally, and I don't believe one is required. Let me know. Thank you. No privilege log is needed for communications with your client or within your office. Our request pertains, but is not limited to, Ocwen internal communications including those redacted on the servicing notes. With regard to the revised RFP response, I believe we have addressed many of the objections raised therein and it still remains unclear whether any other documents subject to our requests are being withheld. I will further detail this during our call today and in our summary on Friday.**
Additionally, Ocwen has yet to produce any email correspondence relative to the Loan. This was one of the items you agreed to provide during one or both of our last to calls with the Magistrate.  **This is not how I recall the discussion, but I think we have since further discussed the issue regarding search terms, etc.  Understood. Please review the list of suggested search terms/parameters and let me know where we stand.  We believe limiting the search to said terms and parameters addresses any uncertainty or outstanding objections about our request being overly broad, etc. We are also happy to address any concerns about relevancy today.**

**1) You indicated that Bates 43-49 may be missing a column entitled "Date of Last Change." I indicated I'll follow up with my client about this.**

- To be clear, Bates 43-49 was offered as a point of reference. Those docs are actually a "Detail Transaction History." We are still seeking a "Payment Reconciliation" showing "last chg date." Please see below for an example. **Thanks for clarifying. We're working to see if we can get the "Payment Reconciliation" in the format of the exhibit you provided from *Saccameno*. Thank you. We respectfully request it be provided, or a position for why it is being withheld, by Friday noon so to avoid having to include this in our summary to Magistrate Judge Pryor.**

2

Exhibit F

Payment Reconciliation For Loan Number: [redacted]

Date: 07/17/2011 - 09/27/2016
Check#/Ref Date/Paym Date/Paymer Date/Assess    Description!          Amount  !App Principal/App Interest/Ap Escrow/Ap Escrow/Balar Optional  ! Late/Charg Fees/Othe Suspense! Principal Ba

2) You indicated you believe the "Research Department" may have different policies and procedures than what we already produced regarding investigating and/or responding to NOEs, RFIs, QWRs, and ACDVs. I indicated I'll follow up with my client about this.

- A couple additional details. First, the policies and procedures produced were created/approved on January 30, 2019. We still have nothing for 2018 despite numerous conversations and correspondence to that effect. **As explained during one of our recent calls, we produced 3 versions of the policies and procedures in place at different times, which I believe cover all relevant time periods (i.e., the dates when you and/or your client submitted the correspondence at issue). If upon further review your understanding is different, please let me know.** Your comments regarding the 3 versions of policies and procedures for responding to NOES/RFIs/QWRs is correct. **My apologies for the oversight. However, we still seek similar policy and procedures for responding to/investigating credit disputes, ie., ACDVS from the credit reporting** agencies.

## APPROVED: 01/30/2019
## APPROVED BY: Call Center Operations - Research Control [

- Second, the documents appear to be relative to Call Center Operations or the Research Department generally yet reference other centers/departments/employees who participate. This includes but is not limited to "Quality Control Analysts." We want all appropriate docs with regard to them as well. See below: **I think we have since discussed this and your concern that the "Research Department" may have different policies and procedures in place than those we produced regarding responding to NOEs, RFIs, or QWRs. We have followed up with our client on this issue. Correct, our request relates to the language below. Is there a policy and procedure manual or the like for the Quality Control Analysts performing quality review.**

## • Quality Control ("QC") Analysts: Perform correspondence to the customer in response to a

- Third, we respectfully request an unredacted copy. While it may be true the contents are ultimately irrelevant this approach is impermissible and will be addressed during the yet to be scheduled call with Judge Pryor. **We think the redactions are appropriate as the headings of those sections confirm those portions aren't relevant. Understood but we respectfully disagree. The practice of redacting for alleged irrelevance is not supported by the Federal Rules of Civil Procedure; the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege or work-product protection – and neither are present here. Fed. R. Civ. P. 26(b)(5); *see* Steven J. Purcell, *Document Production in Federal Litigation: Can You Redact for Nonresponsiveness or Irrelevance?*, 59-Dec. Fed. Law. 22 (discussing lack of support for relevance redactions). In addition, redacting allegedly irrelevant portions of discoverable documents "breed[s] suspicions." *In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.,* Nos. 08-md-1945 (RJH)(DFE), 08-Civ.-0333 (RJH)(DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009).**

3) You referenced the term "Risk Convergent Reports." You then referred me to the consent decrees, judgments, or settlements referenced in your 30(b)(6) notice as a starting point for those. I indicated I'll review those and we can then reconvene.

- "Risk Convergence Reports"
- Always happy to continue discussions but there is no appropriate basis for these documents to be withheld - as discussed during our last two calls with Magistrate Judge Pryor and per her own comments. Thus, I see no need to reconvene until a position is provided in writing justifying Ocwen's refusal to produce. **I don't think Judge Pryor said "there is no appropriate basis for these documents to be withheld." In fact, I don't recall her taking a position on the issue way, and instead, wanted us to further discuss the issue. I'll respond for fully in short**

Exhibit F

order, but I wanted to at least address the other issues while I prepare a more formal response to this request. I respectfully disagree but will await the response setting forth any new objections. I believe we adequately addressed any concerns regarding relevancy during our last call. If not, please advise and I will provide detailed written response.

4) You indicated you will get me specific language regarding the employee file request. I will then review and discuss with my client.

- From my email dated August 8, 2019: "Notwithstanding the foregoing, in the spirit of compromise, and to further limit any risk of their privacy being invaded, the Plaintiff agrees to limit this request to documents and information conveying the full name, date of hire, home address, email address, date of termination (if applicable), positions and/or job titles held during employment with Ocwen, a description of the responsibilities required of each position, address of principal office or work location, and qualifications and/or training received, for each individual described above." We stand on our objections to this request. Please clarify and provide parameters you believe to be appropriate. If otherwise agreeable and it allows us to put this to be, we are willing to limit this request to 9 or 10 of the individuals partially identified in the Servicing Notes. Alternatively, as mentioned previously, we are happy to limit our request to the above information for each individual who *actually* performed the "investigations" responsive to Mr. Todd's NOEs and the ACDVs received by Ocwen from any credit reporting agency.

5) We also discussed potentially needing to move Ocwen's 30(b)(6), which you currently noticed for 11/26/19 due to that week being Thanksgiving (i.e., increased travel expenses and the unavailability of the 30(b)(6) due to Thanksgiving). You were to get back to me on this.

- We are happy to entertain moving the deposition to November 22nd to accommodate the schedule of the deponent. **I know we have since spoke about moving this to early/mid December. We're working on getting alternative dates for early/mid December. We'll report back in short order.** As indicated yesterday, we are not opposed to the concept but we would need a couple hard dates in early/mid December from your end to consider it. Previously we discussed dates for the week before but nothing materialized. I simply selected one of the dates you offered as an alternative. We would also need to be able to confirm Mr. Faris' attendance to avoid multiple trips.

**You also followed up about call recordings for calls on the below dates. Ocwen hasn't been able to locate recordings for the calls on 4/6/18; 4/27/18; 5/19/18; and 5/26/18. As to the remaining calls you referenced, we'll follow up with our client to see if it can locate any recordings for those calls.** Thank you. If you would be so kind, please provide information reflecting Ocwen's diligent search and reasonable inquiry to locate the four recordings above.

- March 27, 2019 **(did you mean 3/27/19 or 3/28/19?)** Let me double check.
- April 6, 2018
- April 27, 2018
- May 5, 2018
- May 19, 2018
- May 26, 2018
- June 26, 2018
- July 2, 2018
- July 10, 2018
- August 9, 2018
- December 12, 2018
- December 21, 2018

**Joseph D. Kern**
Associate
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL 60606
Tel: 312-704-3417

Exhibit F

JKern@hinshawlaw.com | hinshawlaw.com

 HINSHAW

**From:** Travis Cohron <tcohron@clarkquinnlaw.com>
**Sent:** Tuesday, October 22, 2019 1:54 PM
**To:** Kern, Joseph D. <JKern@hinshawlaw.com>; Mike P. Maxwell <mmaxwell@clarkquinnlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>; Nick Wooten (nick@nickwooten.com) <nick@nickwooten.com>
**Subject:** Todd v. Ocwen - Outstanding Discovery Issues (Continued)

*** External email ***

Joe:

In addition to the items detailed below, we also have not received recordings of calls made (as reflected in the provided Servicing Notes) by Ocwen to Todd on the following dates:

- March 27, 2019
- April 6, 2018
- April 27, 2018
- May 5, 2018
- May 19, 2018
- May 26, 2018
- June 26, 2018
- July 2, 2018
- July 10, 2018
- August 9, 2018
- December 12, 2018
- December 21, 2018

Many thanks,

Travis

**Travis Cohron**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
317.637.1321 Phone  317.687.2344 Fax
tcohron@clarkquinnlaw.com
www.clarkquinnlaw.com



Confidentiality Notice:

The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any

Exhibit F

unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received the contents of this electronic mail transmission in error, please immediately notify the sender by telephone at (317) 637-1321 or send an electronic message to tcohron@clarkquinnlaw.com, and thereafter, destroy it immediately.

**From:** Travis Cohron
**Sent:** Tuesday, October 22, 2019 10:41 AM
**To:** 'Kern, Joseph D.'; Mike P. Maxwell
**Cc:** Schultz, David
**Subject:** RE: Todd v. Ocwen - Outstanding Discovery Issues

Joe:

Please see my comments below and my email dated August 8, 2019 for additional detail.

Many thanks,

Travis


**Travis Cohron**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
317.637.1321 Phone  317.687.2344 Fax
tcohron@clarkquinnlaw.com
www.clarkquinnlaw.com



Confidentiality Notice:

The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received the contents of this electronic mail transmission in error, please immediately notify the sender by telephone at (317) 637-1321 or send an electronic message to tcohron@clarkquinnlaw.com, and thereafter, destroy it immediately.

**From:** Kern, Joseph D. [mailto:JKern@hinshawlaw.com]
**Sent:** Monday, October 21, 2019 4:57 PM
**To:** Travis Cohron; Mike P. Maxwell
**Cc:** Schultz, David
**Subject:** Todd v. Ocwen - Outstanding Discovery Issues

Mike and Travis,

Thanks for the call few minutes ago.  To make sure we're all on the same page, I wanted to briefly summary what we discussed.  Please let me know if you're our call understanding is different.

We need the privilege log and a supplement RFP response in advance of the to be calendared discovery conference with Magistrate Judge Pryor to identify any other documents being withheld subject to our previous requests. Additionally, Ocwen has yet to produce any email correspondence relative to the Loan. This was one of the items you agreed to provide during one or both of our last to calls with the Magistrate.

1) You indicated that Bates 43-49 may be missing a column entitled "Date of Last Change." I indicated I'll follow up with my client about this.

Exhibit F

- To be clear, Bates 43-49 was offered as a point of reference. Those docs are actually a "Detail Transaction History." We are still seeking a "Payment Reconciliation" showing "last chg date." Please see below for an example.

Payment Reconciliation For Loan Number: ▬▬▬

Date: 07/17/2011 - 09/27/2016
Check List Date Paym Date Paymt Date Assess  Description                      Amount  !App Principal !App Interest !Ap Escrow !Ap Escrow Bala Optional  !Late/Charg Fees !Othe Suspense ! Principal B

2) You indicated you believe the "Research Department" may have different policies and procedures than what we already produced regarding investigating and/or responding to NOEs, RFIs, QWRs, and ACDVs. I indicated I'll follow up with my client about this.

- A couple additional details. First, the policies and procedures produced were created/approved on January 30, 2019. We still have nothing for 2018 despite numerous conversations and correspondence to that effect.

# APPROVED:  01/30/2019
# APPROVED BY:  Call Center Operations - Research Control [

- Second, the documents appear to be relative to Call Center Operations or the Research Department generally yet reference other centers/departments/employees who participate. This includes but is not limited to "Quality Control Analysts." We want all appropriate docs with regard to them as well. See below:

- # Quality Control ("QC") Analysts: Perform correspondence to the customer in response to a

- Third, we respectfully request an unredacted copy. While it may be true the contents are ultimately irrelevant this approach is impermissible and will be addressed during the yet to be scheduled call with Judge Pryor.

3) You referenced the term "Risk Convergent Reports." You then referred me to the consent decrees, judgments, or settlements referenced in your 30(b)(6) notice as a starting point for those. I indicated I'll review those and we can then reconvene.

- "Risk Convergence Reports"
- Always happy to continue discussions but there is no appropriate basis for these documents to be withheld - as discussed during our last two calls with Magistrate Judge Pryor and per her own comments. Thus, I see no need to reconvene until a position is provided in writing justifying Ocwen's refusal to produce.

4) You indicated you will get me specific language regarding the employee file request. I will then review and discuss with my client.

- From my email dated August 8, 2019: "Notwithstanding the foregoing, in the spirit of compromise, and to further limit any risk of their privacy being invaded, the Plaintiff agrees to limit this request to documents and information conveying the full name, date of hire, home address, email address, date of termination (if applicable), positions and/or job titles held during employment with Ocwen, a description of the responsibilities required of each position, address of principal office or work location, and qualifications and/or training received, for each individual described above."

5) We also discussed potentially needing to move Ocwen's 30(b)(6), which you currently noticed for 11/26/19 due to that week being Thanksgiving (i.e., increased travel expenses and the unavailability of the 30(b)(6) due to Thanksgiving). You were to get back to me on this.

- We are happy to entertain moving the deposition to November 22nd to accommodate the schedule of the deponent.

Please let me know if I missed anything regarding the discovery issues we discussed.

Exhibit F

Thanks.

**Joseph D. Kern**
Associate
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL 60606
Tel: 312-704-3417
JKern@hinshawlaw.com | hinshawlaw.com



Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if

Exhibit F

you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Exhibit F