

**ATTORNEYS AT LAW**

151 North Franklin Street
Suite 2500
Chicago, IL 60606

312-704-3000
312-704-3001 (fax)
**www.hinshawlaw.com**

November 7, 2019

**VIA EMAIL**

Honorable Doris L. Pryor
mjpryor@insd.uscourts.gov

Michael P. Maxwell, Jr.
Travis W. Cohron
Clark Quinn Moses Scott & Grahn LLP
320 North Meridian Street, Suite 1100
Indianapolis, IN 46204
mmaxwell@clarkquinnlaw.com
tcohron@clarkquinnlaw.com

Nick Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, AR 72034
*nick@nickwooten.com*

      **Re:** *Roger Todd v. Ocwen Loan Servicing, et al.*
            Case No. 2:19-cv-00085-JMS-DLP (S.D. of Ind.)
            **Defendant's Position Statement Regarding Plaintiff's Request for "Risk Convergence Reports"**

Dear Honorable Doris L. Pryor:

      Defendant Ocwen Loan Servicing, LLC ("Defendant"), incorrectly named in the caption as Ocwen Loan Servicing, Inc., through its undersigned counsel, submits the below statement in advance of the November 7, 2019 call with the Court regarding Plaintiff Roger Todd's recently issued request for production, in which he requests that Defendant "produce all 'Risk Convergence Reports' created between January 1, 2014 and August 31, 2016." For the below reasons, Plaintiff's request is improper and Defendant objects accordingly.

      Discovery is not limitless. The fundamental principle of Rule 26(b)(1) of the Federal Rules of Civil Procedure is "that lawyers must size and shape their discovery requests to the requisites of a case." *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). This is even more true following the 2015 amendments to Rule 26(b)(1), which emphasized the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id.* Discovery is intended to provide the parties with "efficient

1018199\304666538.v1

Exhibit L

November 7, 2019
Page 2

access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.*

Here, the purported "Risk Convergence" reports are not at issue and not needed to prove Plaintiff's claims—thus are unnecessary, wasteful, and harassing. The purported "Risk Convergence Reports" are also protected by the work-product doctrine, the self-critical analysis privilege, and Rules 404 and 408 of the Federal Rules of Evidence.

### A. The Self-Critical Analysis Privilege and Work-Product Doctrine Bar Production of the "Risk Convergence Reports."

In his Outline of Discovery Dispute, Plaintiff claims that Defendant prepared the purported "Risk Convergence Reports" to track "compliance with its legal obligations under various consent decrees [it] entered [into] with numerous State and Federal Regulators" and asses "risk." Such reports are thus protected by the self-critical analysis privilege and work-product doctrine. *Tice v. Am. Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D. Ill. 2000).

### B. Rule 408 Prohibits Plaintiff from Seeking to Use the "Risk Convergence Reports."

Plaintiff's request for the purported "Risk Convergence Reports" also is improper because by Plaintiff's own admission they relate to "various consent decrees." Rule 408 of the Federal Rules of Evidence prohibits the use of settlements and/or comprises as evidence against a party. Consent orders, decrees, and/or judgments are settlement and/or comprises within the meaning of Rule 408. *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, 2006 U.S. Dist. LEXIS 65840, *17-18 (S.D. Ind. 2006) ("A consent decree, like any settlement, is inadmissible under Federal Rule of Evidence 408."). Accordingly, Plaintiff cannot use the "Risk Convergence Reports" as evidence against Defendant as they relate to "various consent decrees"—rendering his request improper. *Bowers v. NCAA*, 563 F. Supp. 2d 508, 535-36 (D.N.J. 2008) (excluding consent decree entered into with the Department of Justice); *Wilson v. Parisi*, 2009 U.S. Dist. LEXIS 3970, *9 (M.D. Pa. 2009) (excluding consent decrees with various state regulators); *Ely v. Cabot Oil & Gas Corp.*, 2014 U.S. Dist. LEXIS 180162,*46-47 (M.D. Pa. 2014) (excluding consent decrees entered into with a state regulator and noting "it would be error to rely on evidence of the consent orders").

This is especially true here given the some of the "various consent decrees" Plaintiff attempts to put at issue by virtue of the "Risk Convergence Reports" included language that they could not be used as evidence against Defendant for any purpose. They also included language that Defendant made no admissions by entering into them. Thus, Plaintiff's attempt to use such "various consent decrees," and in turn "Risk Convergence Reports" related to same, against Defendant—regardless of the purpose—violates the plain terms of some of the "various consent decrees." *Ross v. Am. Red Cross*, 2012 U.S. Dist. LEXIS 77475, *9-11 (S.D. Ohio 2012) (excluding evidence of a consent decree entered into with the United States in a prior litigation where no admissions were made by virtue of entering into the consent decree as irrelevant and substantially prejudicial).

Exhibit L

November 7, 2019
Page 3

The policy behind Rule 408 (i.e., to promote settlements) supports Defendant's position. Conversely, Plaintiff's attempt use the "Risk Convergence Reports" against Defendant runs contrary to the policy behind Rule 408 (i.e., it would discourage settlements for fear that such settlements may later be used against a settling party). *Meyer v. Ward*, 2017 U.S. Dist. LEXIS 70431 (N.D. Ill. 2017) (allowing the use of consent decrees "would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements.")

### C. The "Risk Convergence Reports" Are Not Relevant to the Claims or Defenses in this Matter.

As explained, Plaintiff claims that Defendant prepared the purported "Risk Convergence Reports" to track "compliance with its legal obligations under various consent decrees [it] entered [into] with numerous State and Federal Regulators." But, Plaintiff's attempt to put the "various consent decrees" and any related "Risk Convergence Reports" at issue fails. Put simply, they are not relevant to the claims or defenses in this matter—nor are they referenced or mentioned in Plaintiff's operative complaint. Defendant entered into the one of the consent decrees Plaintiff attempts to put at issue, and in turn any purported "Risk Convergence Reports" related to same, in December 2013. Defendant's obligations under this consent decree expired three years from the date the parties entered into it. The conduct and alleged servicing errors at issue in this case occurred long after Defendant entered into this 2013 consent decree and long after its obligations under it expired. Plaintiff did not file this action until February 18, 2019— more than five years after Defendant entered into the 2013 consent decree and more than two years after the consent decree and Defendant's obligations under it expired.

The next consent decree Plaintiff attempts to put at issue, along with any purported "Risk Convergence Reports" related to same, relates to investigations into Defendant's servicing operations "covering the period of December 1, 2010 to October 24, 2011." Defendant did not start servicing Plaintiff's loan (the "Loan") until April 2012. Moreover, the alleged servicing errors at issue occurred long after Defendant began servicing the Loan and well after the period at issue in the referenced consent decree (i.e., December 1, 2010 through October 24, 2011).

The next consent decree Plaintiff attempts to put at issue, along with any "Risk Convergence Reports" related to same, is one that that he alleges Defendant entered into "[p]ursuant to New York Banking Law § 44 in *In the Matter of Ocwen Financial Corporation, Ocwen Loan Servicing, LLC.*" This decree was entered into in December 2014 based on conduct that occurred prior thereto and long before Defendant's alleged conduct or servicing errors at issue in this case occurred. This consent decree did not specifically relate to, address, or reference the servicing of loans in Chapter 13 bankruptcy—whereas Plaintiff's claims in this action primarily relate to or arise from Defendant's alleged misapplication of payments surrounding his Chapter 13 bankruptcy. Also, the referenced consent decree related to New York loans, New York properties, and New York borrowers. It did not apply to borrowers or properties in Indiana such as Plaintiff and the subject property which is located in Indiana.

Plaintiff asserts a number of claims under various state and federal statutes, but they primarily all arise from Defendant's alleged misapplication of his monthly mortgage payments and/or Defendant's alleged failure to respond to notices of error ("NOEs") and requests for

Exhibit L

November 7, 2019
Page 4

information ("RFIs") to Plaintiff's liking. The "Risk Convergence Reports" are not needed to prove Plaintiff's claims or any element of his claims, and thus, Defendant's liability does not hinge on the purported "Risk Convergence Reports,"—some of which Plaintiff claims Defendant prepared more than six years ago—long before Plaintiff filed this action and long before the alleged conduct that forms the basis of Plaintiff's claims occurred.

Contrary to Plaintiff's assertion, "notice" is not a required element of any of his claims. For instance, "notice" is not required for Plaintiff to prove his breach of contract claim, Fair Debt Collection Practices Act claim, Real Estate Settlement Procedures claim, Truth-in-Lending claim, or Telephone Consumer Protection Act claim.

In sum, the "Risk Convergence Reports" Plaintiff claims Defendant prepared to track "compliance with its legal obligations under various consent decrees [it] entered [into] with numerous State and Federal Regulators" are not relevant to the claims or defenses in this matter and not discoverable under Rule 26(b) of the Federal Rules of Civil Procedure. *Block v. Abbott Labs., Inc.*, 2001 U.S. Dist. LEXIS 19884, *7-8 (N.D. Ill. 2001) (rejecting the plaintiff's attempt to depose the defendant regarding a consent decree it entered into with the Food and Drug Administration and finding the consent decree as irrelevant and inadmissible).

### D. Rule 404 Prohibits Plaintiff from Seeking to Use the "Risk Convergence Reports."

In his Outline of Discovery Dispute, Plaintiff claims that the purported "Risk Convergence Reports" tracked Defendant's alleged "breach[s] of company policy or procedures" and alleged "noncompliance with the law." Even if true, Plaintiff intends to use these alleged prior "breaches" or prior instances of "noncompliance" as propensity evidence to cast Defendant as a "bad actor" or as evidence to prove Plaintiff's claims in this case. Rule 404 of the Federal Rules of Evidence prohibits this. *See* Fed. R. Evid. 404. This is especially true considering some of the "various consent decrees" Plaintiff attempts to put at issue through the "Risk Convergence Reports" expressly stated Defendant made no admissions by agreeing to the decrees. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893-894 (2d Cir. 1976) ("a consent judgment between a federal agency and a private corporation . . . cannot be used as evidence in subsequent litigation between that corporation and another party . . . [i]t is the result of private bargaining."

### E. The Regulators Involved in the Consent Decrees Released Defendant and Plaintiff Has No Private Right of Action to Bring a Claim for Any Alleged Violations of the "Various Consent Decrees."

The regulators involved in the "various consent decrees" released Defendant from the conduct at issue in those decrees. Plaintiff cannot now re-litigate those released matters by improperly attempting to put them at issue in this case and he cannot use any alleged violations of those agreements to form the basis of any claim against Defendant. In fact, Plaintiff cannot bring a private right of action for any alleged violations of the "various consent decrees"— rendering his request for "Risk Convergence Reports" related to those decrees improper and an

Exhibit L

November 7, 2019
Page 5

abuse of the discovery process. *Ross*, 2012 U.S. Dist. LEXIS 77475 at 9-11 (explaining that the consent decree at issue did not create a private right of action and excluding such).

### F. Plaintiff's Request Is Overly Broad.

As explained, Plaintiff requested that Defendant "produce all 'Risk Convergence Reports' created between January 1, 2014 and August 31, 2016." This request amounts to a request that Defendant produce any and all reports regarding any potential regulatory violation, "breach of company policy or procedures," or alleged "noncompliance with the law"—regardless of the issues involved and for more than a two-year period. Plaintiff's request also asks for purported "Reports" dating back more than five years before he filed this action in February 2019—and well before his claims could have accrued based on the applicable statutes of limitations. For example, the FDCP has a one-year statute of limitations and the FCRA has a two-year statute of limitations. Plaintiff's request thus is overly broad and goes well beyond the scope of permissible discovery under Rule 26 of the Federal Rules of Civil procedure. *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 527 (N.D. Ga. 2012) (declining to enforce broad discovery of documents without limitations where requests were "like a bulldozer that levels an entire hill in the hopes of finding some specks of gold").

If you have any questions or would like to discuss, please do not hesitate to contact me.

Respectfully,

HINSHAW & CULBERTSON LLP

*Joseph D. Kern*

Joseph D. Kern
jkern@hinshawlaw.com
312-704-3417

1018199\304666538.v1

Exhibit L