UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Terre Haute Division

| | | |
|---|---|---|
| **ROGER TODD**, ) | | |
| ) | | |
| *Plaintiff*, ) | | |
| ) | | |
| v. ) | **Case No.** | 2:19-cv-85-JMS-DLP |
| ) | | |
| **OCWEN LOAN SERVICING, INC.**, and ) | | |
| **DEUTSCHE BANK NATIONAL TRUST CO.**, ) | | |
| as Trustee for NovaStar Mortgage Funding Trust, ) | | |
| Series 2007-1, ) | | |
| ) | | |
| *Defendants*. ) | | |

**TODD'S MOTION TO STRIKE DEFENDANT OCWEN LOAN SERVICING, LLC.'S
SUPPLEMENT TO MOTION TO QUASH SUBPOENA FOR DEPOSITION**

Plaintiff, Roger Todd ("Todd"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, respectfully moves the Court for an order striking Defendant Ocwen Loan Servicing, LLC.'s ("Ocwen") Supplement to Motion to Quash Subpoena for Deposition of Ronald M. Faris. ("Ocwen's Supplement") on the grounds the submission – not authorized by Federal Rules of Civil Procedure – is not a supplement to previously offered authority, is untimely, and largely supported by "scandalous" misrepresentations of fact. In support of this Motion, Todd states the following:

**ARGUMENT**

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[upon motion made by a party . . . the court may order stricken from any pleading any. . . scandalous matter." Fed. R. Civ. P. 12(f); see 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d 4 1382, at 712 (1990) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action.") (footnote omitted); *see e.g, Johnson v. McDow,* 236 B.R. 510,523 (D.D.C. 1999) (striking "scandalous and highly insulting allegations .

. . ."); *Alexander v. FBI*, 186 F.R.D. 21, 53 (D.D.C. 1998) (finding "no evidence to support the claim made by plaintiffs" and therefore striking it from the record ); Moreover, while motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d 1382, at 714; *see also Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633,641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.") (citation omitted).

Ocwen's Supplement is precisely the sort of pleading for which Rule 12(f) relief is appropriate as it constitutes an unauthorized and untimely submission which offers nothing helpful to the analysis at hand. On October 21, 2019, Todd served a subpoena on Mr. Ronald Faris compelling him to appear for deposition on November 25, 2019. Mr. Ronald Faris is not an employee of Ocwen, nor a party to this action. On October 22, 2019, Ocwen requested the deposition of Mr. Ronald Faris and the calendared 30(b)(6) deposition be rescheduled to December due to Thanksgiving. Todd agreed and thereafter both depositions were rescheduled, the deposition of Mr. Ronald Faris to the agreed upon date of December 17, 2019. This date was specifically chosen to accommodate Mr. Ronald Faris' schedule. Ocwen and Mr. Ronald Faris have been aware of the deposition date for well over a month. Mr. Ronald Faris has not filed an affidavit suggesting this date causes some undue hardship upon him, only Ocwen now raises objection citing lack of time to prepare, the expense of travel and inconvenience.

During previous status conferences, the Court made it clear it intended to rule upon Ocwen's Motion to Quash on or before December 13, 2019. Yesterday, the Court made it clear it intended to rule upon Ocwen's Motion to Quash on December 13, 2019. In light of the foregoing,

counsel for Ocwen has had sufficient time to make suitable travel arrangements should the Court permit the deposition of Mr. Ronald Faris to proceed. Ocwen's counsel is neither taking nor defending the deposition, so preparation, to the extent not undertaken sooner, cannot be a valid factor. Moreover, affordable and refundable travel options remain. Counsel for Todd prepared, blocked out time, made travel arrangements, booked a court reporter and videographer and arranged a location in preparation. In addition, Hinshaw & Culbertson, LLP. maintains an office in Ft. Lauderdale, Florida only a few dozen miles away from the deposition site; a location selected because it was most convenient to Mr. Ronald Faris. Finally, Counsel for Ocwen are welcome to participate telephonically.

The bottom line is that Ocwen and the deponent were on notice that the deposition was scheduled for this date, had time to prepare and to arrange travel and chose not to do so banking upon the prospect that a motion to quash would be granted. Neither can now be heard to complain if this gambit failed. There is no basis for the deposition to not go forward on the agreed upon date if the Court so directs.

## CONCLUSION

For the reasons identified herein, Plaintiff, Roger Todd, respectfully requests the Court enter an Order striking Defendant Ocwen Loan Servicing, LLC.'s Supplement to Motion to Quash, and for such other and further relief as the Court finds just and proper.

*Respectfully submitted,*

*/s/ Rusty A. Payton*
Rusty A. Payton, IL Reg No. 6201771
**Payton Legal Group**
20 North Clark Street
Suite 3300
Chicago, IL 60602
Telephone: (773) 682-5210
info@payton.legal

        Travis W. Cohron, No. 29562-30
        **CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
        320 N. Meridian Street, Suite 1100
        Indianapolis, IN 46204
        Telephone: (317) 637-1321
        Fax: (317) 687-2344
        tcohron@clarkquinnlaw.com

        Nicholas H. Wooten, No. ASB-1870-o77n
        **NICK WOOTEN, LLC**
        5125 Burnt Pine Drive
        Conway, AR 72034
        Telephone: (833)-937-6389
        nick@nickwooten.com

        ***Counsel for the Plaintiff***

## CERTIFICATE OF SERVICE

   I hereby certify that on December 12, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David M. Schultz
Joseph D. Kern
**HINSHAW & CULBERTSON**
dshultz@hinshawlaw.com
dkern@hinshawlaw.com
***Attorneys for Ocwen Loan Servicing, Inc.***

            */s/Rusty A. Payton*
            Rusty A. Payton, IL Reg No. 6201771
            **Payton Legal Group**
            20 North Clark Street
            Suite 3300
            Chicago, IL 60602
            Telephone: (773) 682-5210
            info@payton.legal

            ***Counsel for the Plaintiff***