UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROGER TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00085-JMS-DLP |
| | ) | |
| OCWEN LOAN SERVICING, INC., | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| CO., as Trustee for NovaStar Mortgage | ) | |
| Funding Trust, Series 2007-1, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Defendant's Motion to Quash the Subpoena for Ronald M. Faris's Deposition and for Protective Order, Dkt. [58]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

### I.   Background

Plaintiff, Roger Todd, holds a mortgage loan with NovaStar Mortgage, Inc. ("the Loan"). The Loan is held in trust by Defendant Deutsche Bank National Trust Co., and is serviced by Defendant Ocwen Loan Servicing, Inc[1] ("Ocwen"). On March 2, 2011, Plaintiff filed for bankruptcy in the Southern District of Indiana, in order to cure all pre-petition defaults on the Loan. Plaintiff entered into a Chapter 13

---

[1] The Defendant consistently notes in filings that the Plaintiff improperly sued "Ocwen Loan Servicing, Inc.," when the entity's proper name is "Ocwen Loan Servicing, LLC." The Defendant, however, has yet to file a motion to correct the caption, so the Court will use the Defendant's name as it appears on the docket at this time.

1

repayment plan and made his last payment on the Loan on May 2, 2016. The trustee and Defendant Ocwen agreed that Plaintiff had cured his pre-bankruptcy petition default and on July 23, 2016, the bankruptcy plan was discharged, and the Loan was reinstated according to the original terms.

In June 2018, the Plaintiff obtained a copy of the loan mortgage transactional history for the Loan from Ocwen. Plaintiff alleges that upon review of this history, he discovered "a myriad of unexplainable and errant servicing conduct." [Dkt. 20 at 12.] This allegedly improper servicing conduct led to the instant case, wherein the Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Telephone Consumer Protection Act ("TCPA"), and the Truth in Lending Act ("TILA").

During the discovery process of this action, Plaintiff served a subpoena for the deposition of the former CEO for Ocwen's parent company, Ronald M. Faris. The parties met and conferred regarding this deposition and discussed it with the Court during a telephonic discovery conference conducted on November 7, 2019. With the Court's permission, the Defendant filed the present Motion to Quash and for Protective Order on November 13, 2019. The Plaintiff filed a response on November 15, 2019, and the Defendant filed a reply on November 25, 2019.

## II. Legal Standard

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which

2

to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994). To effectuate these purposes, the federal discovery rules are liberally construed. *Spier v. Home Ins. Co.*, 404 F.2d 896 (7th Cir. 1968). See also 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44 (2d ed. 1994).

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Rule 26(b)(1). "Discovery must hew closely to matters specifically described in the complaint lest discovery, because of its burden and expense, become the centerpiece of litigation strategy." *McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133-WTL-DML, 2013 WL 5348536, at *7 (S.D. Ind. Sept. 24, 2013).

Federal Rule of Civil Procedure 45(c) limits the power of subpoena to command a nonparty to attend a deposition to a location "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Depositions may not be used by litigants to annoy, embarrass, or harass a deponent. *See* Fed. R. Civ. P. 30(d)(3). Rule 26(b)(2)(C) requires the Court to limit the extent of discovery, including depositions, if it finds that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; … or … is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Federal Rule 26(b), describing the scope and limits of discovery, was amended effective December 1, 2015, to once again protect against over-discovery and to emphasize judicial management of the discovery process. *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896 (S.D. Ind. 2018). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A court may issue a protective order, on motion or its own initiative, to limit discovery if it is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26, 2015 Advisory Committee Notes.

### III. Discussion

Defendant argues that the Plaintiff's deposition subpoena to Ronald Faris should be quashed and that the Court should enter a protective order preventing said deposition because the Plaintiff 1) has not exhausted less-intrusive discovery methods; and 2) Mr. Faris played no role in the day-to-day servicing of the Loan and has no unique, firsthand knowledge of the facts at issues in this case. [Dkt. 58 at 5.] Plaintiff argues in response that the Defendant has not met its burden of demonstrating good cause for the Court to enter a protective order preventing Mr. Faris's deposition. [Dkt. 63 at 9-10.] Defendant's reply asserts that good cause has been established by the Plaintiff's failure to meet the requirements of the apex doctrine and because the Plaintiff's deposition request is disproportional to the needs of this case. [Dkt. 68.]

### A. Motion to Quash

As an initial matter, the Court notes that Federal Rule of Civil Procedure 45 requires a motion to quash to be directed to the court for the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3)(A). Although the parties' briefing does not specify, the parties confirmed during the December 11, 2019 status conference that Mr. Faris's deposition was scheduled to take place in Palm Beach, Florida. Thus, the deposition subpoena requires compliance in a district other than the Southern District of Indiana. This Court, therefore, cannot consider a Rule 45 motion related to the Plaintiff's deposition subpoena. Accordingly, the portion of the Defendant's motion requesting that this Court quash the Plaintiff's deposition subpoena for Ronald M. Faris is **DENIED**. The Defendant also requested a protective order related to the deposition subpoena pursuant to Rule 26(c). This request is properly before the Court and will be addressed herein.

### B. Motion for Protective Order

Generally, a party may depose any person without leave from the Court, and the burden is on the party or person seeking the protective order to demonstrate good cause. Fed. R. Civ. Pro. 30(a)(1); *Kaiser v. Mutual Life Ins. Co.*, 161 F.R.D. 378, 380 (S.D. Ind. 1994). Because "high level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts," courts often bar depositions of them even absent the required showing. *In re Bridgestone/Firestone Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002).

The Defendant seeks to apply the "apex doctrine," a framework used by some courts to analyze whether to allow the depositions of high-ranking senior executives or officials. [Dkt. 58 at 4-5.] The Seventh Circuit has not formally adopted the apex doctrine, but the District Courts, including this Court, routinely apply an apex doctrine analysis to the question of whether a high-ranking executive may be deposed. *In re Bridgestone/Firestone*, 205 F.R.D. at 536; *Hudkins v. City of Indianapolis*, No. 1:13-cv-1179-SEB-DML, 2015 WL 4664592, at *7 (S.D. Ind. Aug. 6, 2015); *Berning v. UAW Local 2209*, 242 F.R.D. 510 (N.D. Ind. 2007); *Nucap Indus. v. Robert Bosch, LLC*, No. 15 CV 2207, 2017 WL 6059770 (N.D. Ill. Dec. 7, 2017). The burden remains on the party seeking a protective order to establish good cause. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007) ("[Rule 26] puts the burden on the party seeking the protective order to show some plainly adequate reason for its issuance."). Before restricting discovery, a court should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Viewing the Plaintiff's deposition request under the totality of the circumstances, a protective order is warranted. In *Patterson*, the Seventh Circuit observed that deposing "a high-ranking executive in a multinational corporation . . . would have been a quite costly and burdensome means" for determining whether he

6

had information bearing on the claims in the case and that the plaintiff seeking to depose that executive had failed to take advantage of an "inexpensive, convenient method of discovery, i.e., interrogatories." *Patterson*, 281 F.3d at 681-82.

Here, the Plaintiff has yet to take a deposition in this case, but desires to start that process at the top of the food chain with the former CEO of the Defendant's parent company. The Plaintiff has also not served interrogatories on Mr. Faris, a non-party, which he would be entitled to do in order to determine if Mr. Faris has any knowledge regarding the facts at issue as alleged in the complaint.

Additionally, the Plaintiff seeks to broaden the scope of this case by referring to other nationwide litigation that involves Defendant Ocwen or its related companies; what the Plaintiff forgets, however, is that this case is limited to a single-plaintiff consumer protection matter regarding the handling of Mr. Todd's mortgage loan. This is not a nationwide collective action; if it were, deposing an executive may potentially be relevant, proportional, and permissible. As it stands today, however, deposing Mr. Faris is not proportional to the needs of the case.

Discovery does not close until March 17, 2020, leaving ample time for the Plaintiff and his counsel to investigate the claims in the complaint through less-intrusive discovery means. If, through the course of investigation, the Plaintiff determines that the deposition of a high-ranking executive, such as Mr. Faris, is necessary, the parties may revisit this topic.

At this stage of litigation, however, the Court not only has the power, but also the duty to manage discovery actively and to limit discovery that exceeds its

7

proportional and proper bounds. *Noble Roman's,* 314 F.R.D. at 306. Based on the briefing, the Court concludes that the Plaintiff's proposed deposition of Mr. Faris is disproportional to the needs of this case and the Plaintiff has not exhausted less-intrusive means of discovery to obtain needed information.

The Plaintiff's proposed deposition of Mr. Faris, therefore, fall outside the scope of discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). Thus, the Undersigned finds that a protective order is appropriate to enforce the scope and extent of the discovery process.

### IV. Conclusion

Accordingly, the Defendant's Motion to Quash the Subpoena for Ronald M. Faris's Deposition and for Protective Order is **GRANTED IN PART** and **DENIED IN PART**. The request to quash pursuant to Rule 45 is **DENIED** for lack of jurisdiction. For the reasons noted above, the request for a protective order pursuant to Rule 26(c) is **GRANTED**.

So ORDERED.

Date: 12/13/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record.