UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Terre Haute Division

| | |
|---|---|
| ROGER TODD, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | **Case No.**   2:19-cv-00085-JMS-DLP |
| ) | *Related to*:   1:19-cv-04872-SEB-MPB |
| OCWEN LOAN SERVICING, INC., and ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., as ) | |
| Trustee for NovaStar Mortgage Funding Trust, ) | |
| Series 2007-1, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiff Roger Todd , in accordance with Local Rule 40-1(d) and pursuant to Federal Rule of Civil Procedure 42(a), moves to consolidate this action ("*Todd"*) with *Roderick Converse and Patricia Gruesser v. PHH Mortgage Corporation, successor by merger with Ocwen Loan Servicing, LLC*., et al. (Cause No. 1:19-cv-04872-SEB-MPB) ("*Converse*") for purposes of administration and discovery only.  In support of the motion, Todd submits the following:

## INTRODUCTION

Ocwen Loan Servicing, LLC. ("Ocwen") is a financial-services company primarily focused on mortgage servicing. In late 2018, Ocwen acquired PHH Corporation and later assumed the PHH name. To manage the considerable amount of information required to administer its loans, Ocwen used a software based servicing system called REALServicing. Unfortunately, REALServicing "lacked necessary automation and functionality," and thus

required constant manual workarounds prone to human error. These shortcomings, coupled with an absence of institutional control, caused Ocwen to systematically fail to timely and accurately apply borrower payments and maintain accurate account statements, to charge unnecessary and unauthorized fees, to report inaccurate information to credit reporting agencies, and to initiate wrongful collection activities including foreclosure actions. *Todd* and *Converse* each alleged that Ocwen long knew of these deficiencies yet continued to utilize REALServicing for years thereafter to service loans and to provide data necessary to institute collection actions. In fact, *Todd* and *Converse* allege conduct that is the same or substantially similar to conduct identified by various regulatory agencies. In turn, *Todd* and *Converse* each contend that Ocwen acted willfully in failing to take sufficient corrective action to address the aforementioned failures generally and with respect to their loans specifically, despite having full and complete knowledge of the harm it would and ultimately did cause them.

## LEGAL STANDARD

Rule 42(a)—entitled "[c]onsolidation"—provides that if "actions before the court involve a common question of law or fact, the court may" take one of three measures. First, the court may "join for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1). Second, the court may "consolidate the actions." Rule 42(a)(2). Third, the court may "issue any other orders to avoid unnecessary cost or delay." Rule 42(a)(3)." *Hall v. Hall*, 138 S. Ct. 1118, 1124, 200 L. Ed. 2d 399 (2018). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *See* 9A Wright & Miller § 2383 (collecting cases). *Id.* at 1131. "A district court's decision to consolidate cases is subject to review only for an abuse of discretion." *See United States v. Knauer,* 149 F.2d 519 (7th Cir.), *aff'd,* 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946). *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992).

"Consolidation of cases to determine common factual questions does not merge the suits or change the rights of the parties." *Id.* at 628.

Federal Rule of Civil Procedure 42(a) encourages federal courts to consolidate actions that "involve a common question of law or fact[.]" *Hansa Med. Prods., Inc. v. Bivona, Inc.*, 1987 WL 14496, at * 1 (S.D. Ind. 1987). Consolidation is especially appropriate where it would "avoid unnecessary costs and delay as well as the possibility of inconsistent results," unless a party can demonstrate that it would suffer prejudice as a result. *Id*. It is proper wherever it would encourage efficiency, preserve resources, and promote the purposes of Rule 42: convenience and judicial economy. *Firth v. Chupp*, 2010 WL 2346335, at *3 (N.D. Ind. June 9, 2010). The Seventh Circuit has instructed that "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Svs., Inc*., 181 F.3d 832, 839 (7th Cir. 1999).  And it strongly encourages district courts to consolidate related actions where the cases "were filed by a single law firm…..[and where] the issues and parties have substantial overlap." *Smith v. Check-N-Go of Ill., Inc*., 200 F.3d 511, 513 (7th Cir. 1999).

Additionally, it is not uncommon for courts to consolidate cases for purposes of discovery only. *See, e.g., Davis v. Heritage Crystal Clean, LLC*, No. 10-CV-59, 2011 WL 1483167, at *2 (E.D. Tenn. Apr. 19, 2011) (ordering consolidation for purposes of discovery only) (attached hereto as Ex. A); *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-10658, 2011 WL 2472700, at *1-2 (E.D. Mich. June 22, 2011) (ordering parties to stipulate to consolidation for discovery Case 1:13-cv-00861-TDS-JEP Document 21 Filed 12/03/13 Page 4 of 27 3 only) (attached hereto as Ex. B); *N. Natural Gas Co. v. L.D. Drilling,*

*Inc.*, 759 F. Supp. 2d 1282, 1304 (D. Kan. 2010) (ordering consolidation for "purposes of discovery only").

## ARGUMENT

### 1) Consolidation for Purposes of Administration and Discovery Will Promote Interests of Judicial Economy and Efficiency.

Consolidation for purposes of further administration and discovery only is justified for several reasons: First, consolidating these cases for administration and discovery adequately promotes interests of judicial economy and efficiency. *See Davis*, 2011 WL 1483167, at *2 (noting that consolidating cases for discovery only "would further the interests of judicial administration and economy, as proof in each case may overlap"); *see also N. Natural Gas Co.*, 759 F. Supp. 2d at 1304 (noting that consolidating cases for discovery only would "reduce unnecessary cost and duplication of effort"). Any duplication in time, costs, or resources in these cases are most likely to stem from the parties' discovery activities.. Given that these discovery activities will consume the parties' time and resources for the next several months, discovery consolidation will adequately protect efficiency interests in the short term.

Second, it is not necessary to decide whether these cases should be consolidated for trial or other purposes at this stage in litigation. *See, e.g., Pariseau v. Anodyne Healthcare Mgmt, Inc.*, No. Civ. A. 3:04-cv-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006) (consolidating cases for discovery and pre-trial motions only and explaining that plaintiff may renew her motion to consolidate the case for trial at the close of discovery); *Davis*, 2011 WL 1483167, at *2 (consolidating cases for discovery only and explaining that consolidation for trial would be decided at a later date). Because *Converse* was just filed, but in light of discovery in *Todd* not concluding until March of 2020 and no depositions having been taken, discovery is still at a relatively early stage. As a result, consolidating these actions for discovery purposes and administration will give the Court and parties the benefit of avoiding unnecessary costs and

duplicative efforts—while ensuring that a decision on whether to consolidate these cases for trial is based on the state of the evidence at a time when it is more developed. Indeed, there are minor differences among these cases that weigh in favor of the parties and the Court to determine the degree to which the evidence will overlap before making a decision about whether to consolidate the cases for trial.

    **2)** *Todd* **and** *Converse* **Share Common Issues of Fact and Law**.

        **a) Common Issues of Fact**

            i) *Todd* and *Converse* raise similar allegations against Ocwen.

*Todd*, and *Converse* each allege Ocwen has maintained a knowing or willfully deliberate pattern and practice of servicing misconduct including without limitation the misapplication of payments, assessment and collection of unjust fees, mismanagement of borrower escrow accounts, wrongful and deceptive collection activities, and manufactured states of default during and immediately following a Chapter 13 bankruptcy proceeding. Moreover, each matter alleges Ocwen failed or refused to correct these servicing errors despite prior and subsequent notice of their occurrence. Finally, additional research and documents obtained in discovery suggest a distinct likelihood that each case arises from the same conduct and known deficiencies with Ocwen's mortgage servicing platform that it has failed to address.

            ii) *Todd* and *Converse* involve similarly situated Plaintiffs.

In addition to each being subject to the conduct above, the Plaintiffs in *Todd* and *Converse* were each parties to a years-long Chapter 13 bankruptcy proceeding wherein they cured any past delinquency via the maintenance of their ongoing payment obligation to Ocwen and repayment of all arrearage via the maintenance of a separate monthly payment. At the conclusion of those proceedings, and despite being deemed current by the Trustee therein after

paying all amounts owed, Ocwen's attestation of the same, and the entry of an Order of Discharge, each Plaintiff was nonetheless held or placed in a wrongful state of default immediately thereafter. As a result, each were subjected to ongoing attempts to collect amounts they did not owe including without limitation hundreds of collection calls, default letters, and foreclosure proceedings in further violation of federal consumer protection statutes and the bankruptcy discharge order entered in each of their cases.

### iii)  Common Basis for Disputes

As detailed above, the Plaintiffs filed separate lawsuits concerning the same or similar conduct consistent with systematic failures Ocwen had full knowledge related to its mortgage servicing platform, RealServicing. The Plaintiffs each alleged these failures caused their respective loans to be placed in a manufactured state of delinquency or default immediately following their successful completion of a Chapter 13 bankruptcy. As a result of the manufactured state of delinquency or default, the Plaintiffs each allege they were subject to unlawful collection activities, denied the fresh start they were entitled to, and forced to pay amounts they should not have. Additionally, Plaintiffs each allege Ocwen failed to adequately investigate or correct the foregoing despite numerous requests for it to do so.

With regard to the alleged conduct of Ocwen, or more specifically the Plaintiffs' allegations with regard to its knowledge of the aforementioned problems and willfully indifferent conduct, Ocwen was aware of problems with RealServicing identified through regulatory action by the New York Department of Financial Services ("NYDFS") as early as 2011 and later the CFPB.  These actions included without limitation allegations that: (1) Ocwen's information technology systems (REALServicing in particular) are a patchwork of incompatible legacy systems inherited from acquired companies; (2) Ocwen maintains inaccurate records and

regularly gave borrowers incorrect or outdated information; (3) Owen fails to maintain sufficient procedures, either manual or automated, to prevent or correct payment misapplication errors; and, (4) Ocwen's core servicing functions rely on inadequate systems and staffing.  As a result of these regulatory actions, Ocwen was to take certain steps to correct the alleged conduct including without limitation conducting a bankruptcy audit or reconciliation on all loans exiting bankruptcy.

In sum, there are common questions of fact related to Ocwen's accounting of the plaintiffs' loans: Ocwen's processing and handling of the Plaintiffs' loans in bankruptcy, Ocwen's failure to comply with the bankruptcy discharge order, Ocwen's knowledge and refusal to address problems with REALServicing, Ocwen's failure to take necessary action upon receipt of the Plaintiffs' various correspondence identifying errors Ocwen already knew were likely to have occurred, Ocwen's knowledge the foregoing coupled with a lack of sufficient procedural protocol and staffing would result in the reporting of inaccurate delinquencies and default to the national credit reporting agencies, and Ocwen's knowledge that its continued failure to do so would result in substantial consumer harm.

      b)  **Common Issues of Law**

*Todd* and *Converse* also implicate the same core legal issues and claims. For example, the each allege Ocwen has violated: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681n; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) the Indiana Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 24-5-0.5-2; (4) the Indiana Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 34-24-3-1; and (5) various Federal Rules of Bankruptcy Procedure including without limitation the bankruptcy discharge injunction, 11 U.S.C. § 524 . Thus, consolidation is particularly appropriate because the cases

"involve common questions of fact, and share some identical questions of law[.]" *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970) (upholding consolidation of "similarly based and grounded" actions brought by different plaintiffs against the same defendants.).

### C. Consolidating *Todd* and *Converse* will not Prejudice any Party.

No party will be prejudiced by consolidation for purposes of future administration and discovery. The respective Plaintiffs in *Todd* and *Converse* welcome this approach. Likewise, because *Todd* and *Converse* are highly likely to involve common questions of law, there is no risk of confusing the legal issues. And each matter is "in the same early stages of litigation [, s]o consolidation for purposes of discovery, briefing, and general administration will not cause undue delay or other prejudice[.]" *Firth*, 2010 WL 2346335 at *3. Rather, consolidation is appropriate because it will avoid the presentation of duplicative arguments and evidence – thereby preserving the parties' and the Court's resources – and eliminate the risk of inconsistent results.

Further, consolidation would provide an economy for all Parties and the Court by avoiding the necessity of multiple depositions of fact witnesses who might otherwise be obligated to sit for multiple depositions to provide the same testimony, decreasing the length and topics of each 30(b)(6) deposition, eliminating duplicate discovery disputes via the allowance of all documents and testimony produced in any case to be used in the other, and the avoidance of duplicate evidentiary arguments pertaining to the same. Finally, the foregoing would allow for further economy via a consolidated trial should it become prudent and necessary.

### CONCLUSION

For the foregoing reasons, Plaintiff Roger Todd, by and through undersigned counsel, respectfully provides notice of the related filing above and requests the Court consolidate the

aforementioned proceedings for purposes of administration and discovery only.

        Respectfully submitted,

        /s/ *Travis W. Cohron*
        Travis W. Cohron, No. 29562-30
        **CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
        320 N. Meridian Street, Suite 1100
        Indianapolis, IN 46204
        Telephone: (317) 637-1321
        Fax: (317) 687-2344
        tcohron@clarkquinnlaw.com

        */s/ Nick Wooten*
        Nick Wooten
        **NICK WOOTEN, LLC**
        5125 Burnt Pine Drive
        Conway, Arkansas 72034
        nick@nickwooten.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David M. Schultz
Joseph D. Kern
**HINSHAW & CULBERTSON**
dshultz@hinshawlaw.com
dkern@hinshawlaw.com
*Counsel for Defendants*

                                         */s/ Travis W. Cohron*
                                         Travis W. Cohron, No. 29562-30

**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204