UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROGER TODD, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
|            *vs.* | )   2:19-cv-00085-JMS-DLP |
| | ) |
| OCWEN LOAN SERVICING, INC., and | ) |
| DEUTSCHE BANK NATIONAL TRUST CO., as | ) |
| Trustee for NovaStar Mortgage Funding | ) |
| Trust, Series 2007-1, | ) |
| | ) |
|    *Defendants*. | ) |

## ORDER

Presently pending before the Court is Plaintiff Roger Todd's Motion to Consolidate and Notice of Related Filing. [Filing No. 89.] This action ("*Todd*") asserts various claims concerning the servicing of the mortgage on Mr. Todd's home and Defendants' alleged abusive debt collection practices. Mr. Todd asks the Court to consolidate this case with another action pending before another Judge on this Court, *Roderick Converse and Patricia Gruesser v. PHH Mortgage Corporation, successor by merger with Ocwen Loan Servicing, LLC, and U.S. Bank N.A. as Trustee for RAMP 006EFC2*, Case No. 1:19-cv-4872-SEB-MPB, ("*Converse*"), for purposes of administration and discovery. [Filing No. 89.] For the reasons detailed below, the Court **DENIES** Mr. Todd's motion.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[i]f actions before the court involve a common question of law or fact," the Court may "join for hearing or trial any or all matters at issue in the actions[,] . . . consolidate the actions[,] . . . or issue any other orders to avoid unnecessary

cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citation omitted). "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Illinois Cent. R. Co.*, 2009 WL 1657581, at *1 (S.D. Ill. June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)); *see also Emerson v. Sentry Life Ins. Co.*, 2018 WL 4380988, at *2 (W.D. Wis. Sept. 14, 2018) ("In applying Rule 42(a), courts typically balance judicial economy concerns with any countervailing considerations of equity.").

## II.
### BACKGROUND

**A.** *Todd*

In his Second Amended Complaint against Defendants Ocwen Loan Servicing ("Ocwen") and Deutsche Bank National Trust Co., as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1, ("Deutsche Bank"), Mr. Todd details a history of what he believes was misconduct carried out by Ocwen over the course of his mortgage loan. [*See generally* Filing No. 40.] The gist of the narrative is that Mr. Todd completed a Chapter 13 bankruptcy proceeding, and thereafter Ocwen engaged in practices that violated the law, including charging improper fees, misapplying payments, mishandling funds, increasing payments or balances owed without explanation or notice, attempting to collect amounts not actually owed, failing to respond to requests for information or to correct errors, failing to disclose information or provide required notices, and failing to provide a proper accounting of the payment history. [Filing No. 40 at 9-38.] According to Mr. Todd, this misconduct is part of Ocwen's pattern and practice of mistreating mortgage loan borrowers, which has resulted in over 11,000 consumer complaints against Ocwen and several

related lawsuits. [Filing No. 40 at 39-41.] This pattern and practice is alleged to have resulted from Ocwen's use of a servicing system called REALServicing, which is prone to producing inaccurate information and causing system errors, and Ocwen allegedly refused to remedy the situation despite knowing about flaws in the program. [Filing No. 40 at 39-41.]

Mr. Todd asserts claims for: (1) breach of contract; (2) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (4) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (5) violations of the Fair Credit Report Act ("FCRA"); (6) violations of various bankruptcy rules and court orders; (7) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639; (8) violation of Indiana's Crime Victim's Relief Act ("ICVRA"), Ind. Code § 34-24-3-1; and (9) violation of the Indiana Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 24-5-0.5-1 *et seq*. [Filing No. 40 at 41-58.]

### B. *Converse*

The Plaintiffs in *Converse* tell a similar story regarding Ocwen's (and Ocwen's successor's) allegedly unlawful practices in servicing their mortgage loan following their bankruptcy, and similarly attribute the pattern to Ocwen's use of the REALServicing program. [*See generally* Filing No. 1 in Case No. 1:19-cv-04872-SEB-MPB.] However, the *Converse* Plaintiffs' mortgage was foreclosed in an action involving Ocwen and other lenders, and Plaintiffs filed Bankruptcy under Chapter 13 three separate times. [Filing No. 1 at 5-26 in Case No. 1:19-cv-04872-SEB-MPB.] The *Converse* Plaintiffs assert claims for: (1) breach of contract; (2) violations of RESPA; (3) violations of the FDCPA; (4) violations of TILA; (5) violations of various bankruptcy rules and court orders; and (6) violations of the IDCSA. [Filing No. 1 in Case No. 1:19-cv-04872-SEB-MPB.]

## III.
### DISCUSSION

Mr. Todd argues that consolidation is appropriate because both actions allege that Ocwen utilized REALServicing software, which had flaws that caused Ocwen to "systematically fail to timely and accurately apply borrower payments and maintain accurate account statements, to charge unnecessary and unauthorized fees, to report inaccurate information to credit reporting agencies, and to initiate wrongful collection activities including foreclosure actions." [Filing No. 92 at 1-2.] He argues that both lawsuits share common questions of fact because both allege that Ocwen maintained a deliberate pattern of misconduct that violated the law, and the plaintiffs in each action are similarly situated because they were subject to unlawful debt collection practices after concluding bankruptcy proceedings. [Filing No. 92 at 5-6.] In addition, Mr. Todd argues that each of the lawsuits alleges similar conduct by Ocwen giving rise to similar legal claims. [Filing No 92 at 6-8.] Finally, Mr. Todd asserts that consolidation for purposes of discovery would be in the interests of judicial economy and efficiency, because it would eliminate duplication of time and resources that are likely to be spent conducting discovery, and no party will be prejudiced by the consolidation. [Filing No. 92 at 4-5; Filing No. 92 at 8.]

Defendants respond that consolidation is inappropriate because *Todd* and *Converse* "involve different plaintiffs, different defendants, different claims, different mortgage loans, different mortgaged properties, different facts, different events, different bankruptcies, and different timeframes." [Filing No. 98 at 1.] Defendants point out the following specific differences: (1) Mr. Todd and the *Converse* Plaintiffs have separate mortgage loans and neither set of plaintiffs asserts any relationship to or involvement in the other's loans; (2) Mr. Todd asserts claims under the FCRA, TCPA, and ICVRA, but the *Converse* Plaintiffs do not; (3) the *Converse* Plaintiffs were involved in three separate bankruptcy proceedings and Mr. Todd had only one;

(4) the events underlying each action occurred at different times, multiple months to a year apart from each other; and (5) the apparent focus of the *Converse* Plaintiffs' grievances is misconduct related to the foreclosure, whereas Mr. Todd's case does not involve a foreclosure action. [Filing No. 98 at 3-6.] Defendants assert that liability in *Todd* is not contingent upon or dispositive of liability in *Converse*, and *vice versa*, and instead, individual factual issues predominate, making consolidation improper. [Filing No. 98 at 6-7.]

Defendants also point out that the two actions are at different stages in the litigation. [Filing No. 98 at 8-14.] Specifically, *Converse* is at its infancy as the defendants in that case have not yet responded to the complaint, whereas *Todd* has "a long and complex history" including extensive written discovery and various conferences, and the parties are nearly ready to begin depositions. [Filing No. 98 at 9-12.] Defendants argue that all of the discovery already produced in *Todd* is unique to Mr. Todd's mortgage loan and does not appear to overlap with anything that would be sought in *Converse*. [Filing No. 98 at 12.] Defendants contend that consolidation would not promote judicial economy or efficiency, but instead would have the opposite effect by delaying the resolution of the instant action. [Filing No. 98 at 13-14.]

In reply, Mr. Todd argues that recent events have rendered Defendants' arguments against consolidation "largely moot." [Filing No. 115 at 1.] Specifically, the Court has extended the discovery deadlines in *Todd* and has dismissed two of the defendants in *Converse*, leaving only Ocwen and U.S. Bank, both of which are represented by the same counsel. [Filing No. 115 at 1-2.] Mr. Todd maintains that the cases are sufficiently similar to consolidate because they both involve allegations that Ocwen engaged in wrongful collection efforts and other misconduct immediately following the completion of a Chapter 13 bankruptcy proceeding. [Filing No. 115 at 2-4.] He further asserts that the fact that the actions are at different stages in the litigation, standing

5

alone, should not prevent consolidation because discovery is ongoing in both matters and no party would be prejudiced by consolidation. [Filing No. 115 at 4-5.]

The Court acknowledges that the plaintiffs in both cases share a common theory of recovery: after they completed their bankruptcy proceedings, Ocwen continued to attempt to collect debts that were not actually owed through abusive practices and other misconduct that violated federal and state law. However, the differences between the cases are such that consolidation would not serve the interests of judicial economy and instead would create confusion and possibly result in prejudice to the litigants in *Todd*. Consolidation of *Todd* and *Converse* is not appropriate or necessary.

As a preliminary matter, the cases are currently at different stages. The defendants in *Converse* have yet to file a responsive pleading, and discovery has not yet commenced. [*See generally* Docket in Case No. 1:19-cv-04872-SEB-MPB.] In *Todd*, on the other hand, the parties have engaged in discovery, are nearly ready to begin conducting depositions, and have only sought 90-day extensions of several discovery deadlines to allow for more time to obtain rulings from the Court on certain matters before moving forward. [*See* Filing No. 105.] Accordingly, consolidation would likely slow progress in *Todd*.

In addition, although some discovery concerning Ocwen's general practices and procedures or the servicing system that it uses may be relevant to both cases, the respective plaintiffs in each case should focus their discovery efforts on their own correspondence and interactions with Ocwen, their own account and transaction history, and how specifically Ocwen's conduct affected their own mortgage loans. The facts necessary to prove Mr. Todd's claims are not the same facts necessary to prove the *Converse* Plaintiffs' claims, and this is especially true given that the claims raised in each lawsuit do not completely overlap. To the extent that the

claims asserted in *Todd* and *Converse* raise similar legal issues, such issues will not be addressed until after discovery, and therefore in this circumstance the existence of common legal questions is not a sufficient reason to consolidate the cases for discovery purposes. In a busy Court like this one, it is often the case that different Judges are called upon to adjudicate similar cases involving similar legal issues, and there is nothing inherently inefficient or prejudicial about such practice. Indeed, it has been the longstanding practice of the Court to assign cases to Judges at random, regardless of the similarity of case content, and Mr. Todd has not provided a reason for the Court to deviate from that practice here.

In sum, to the extent that judicial economy could be served by considering similar legal issues together, any such benefit will be outweighed by the confusion and administrative difficulties that would result from conducting unrelated fact discovery as if it were related, and by the delay that could result in *Todd* if the litigants were required to stall their progress to conform to *Converse*'s schedule.

## IV.
### CONCLUSION

For the foregoing reasons, Mr. Todd's Motion to Consolidate, [89], is **DENIED**.

Date: 2/6/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**