UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
**Terre Haute Division**

| | |
|---|---|
| ROGER TODD, ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | **Case No.**    2:19-cv-85-JMS-DLP |
| ) | |
| OCWEN LOAN SERVICING, LLC., and ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| CO., as Trustee for NovaStar Mortgage ) | |
| Funding Trust, Series 2007-1 ) | |
|    *Defendants*. ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER**

Plaintiff, Roger Todd ("Todd") submits this *Response In Opposition to Defendant's Motion to Reconsider the Magistrate Judge's January 30, 2020, Order Regarding the Risk Convergence Reports*. In support, Todd states the following:

**INTRODUCTION**

On January 30, 2020, the Court ordered Ocwen to produce the Risk Convergence Reports on or before February 10, 2020. Instead of complying with the Order, Ocwen now asks the Court to revisit its holding without satisfying *any* of the requisite standards for such a request. With this effort, Ocwen wastes the time and energies of the Court and Todd's counsel, repackaging an already rejected argument. As discussed below, this strategy is expressly disallowed. The Court did not make any errors, and there has been no change in law or an offering of newly discovered evidence. Furthermore, any concern Ocwen may have about the sensitivity of the Risk Convergence Reports is addressed by the Protective Order and undersigned counsel's agreement to waive any argument challenging their designation.

**LEGAL STANDARD**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). *See also Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144 at *4-5 (S.D. Ind. July 14, 2014). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11–CV–026, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07–C–317, 2009 WL 1373952, at *1 (E.D.Wis. May 15, 2009)). *United States Securities and Exch. Comm'n v. National Presto Indus., Inc.*, 2004 U.S. Dist. LEXIS 7392 at *2 (N.D. Ill. Apr. 28, 2004) (Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure.)

Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7, 2009 WL 799546 (S.D. Ind.

Mar. 24, 2009). A party seeking reconsideration shall not use such a motion to introduce new evidence or legal theories that could have been presented earlier or *simply rehash previously rejected arguments*. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'")

## ARGUMENT

### A. Ocwen's Portrayal of the Discovery Conducted in this Matter, The Court's Previous Holdings, and the Parties Past Correspondence, Is Misleading, Scandalous, and Irrelevant to the Analysis At Hand.

Ocwen uses much ink in its motion to reconsider to create a false narrative that Todd has engaged in wasteful or improper discovery and motion practice. These allegations are as false as they are irrelevant to the analysis at hand. But not entirely unexpected. This is not Ocwen's first foray into the creation of false narratives and groundless motions to reconsider. For example, a review of the docket in *Saccameno v. Ocwen Loan Servicing, LLC.*, 15-cv-01164 (N.D. Ill.) will reflect a pattern of Ocwen filing a motion to reconsider, rehashing the same argument it provided in previous briefing, whenever a ruling did not fall in its favor. This pattern persisted throughout the balance of proceedings in *Saccameno* and will undoubtedly occur here if the Court cracks the door to such a wasteful practice.

### B. Ocwen Merely Rehashes A Previously Rejected Argument

As referenced, Ocwen's Motion to Reconsider does exactly what the Seventh Circuit Court of Appeals, and this Court, has previously held to be forbidden: It rehashes

a previously rejected argument with a sprinkling of unsupported facts that could have been presented in prior briefing (e.g. it does not provide "newly discovered evidence). In fact, some of the specific language has even been recycled:

| | |
|---|---|
| "Here, Plaintiff does not and cannot meet his burden to establish that "all Risk Convergence Reports" from January 2014 through August 31, 2016" are relevant. There is a reason for this: they are not." [Doc. 78 at *4] | "Here, Plaintiff did not meet his burden to establish that "all Risk Convergence Reports" from January 2014 through August 31, 2016" and "all" content in all such reports are relevant. There is a reason for this: they are not." [Doc. 121 at *10] |
| "Whether or not Defendant, through the "Risk Convergence Reports," tracked potential "regulatory violations" regarding other loans or its compliance with various consent decrees, consent judgments, and/or settlements it entered into with state and federal regulators has no bearing on this case and sheds no light on whether Defendant violated the various state and federal statutes Plaintiff alleges it violated with respect to Plaintiff's Loan."[Doc. 78 at *4] | "Put simply, every issue or potential issue Defendant ever identified or included in the requested Risk Convergence Reports regarding its entire operation for a more than two and half year period are not at issue here." [Doc. 121 at *11]<br><br>"But, Defendant's knowledge of potential issues with its servicing platform RealServicing that do not involve the mortgage servicing conduct at issue in this case are not relevant or discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure." [Doc. 121 at *13] |
| "This is a simple case. It involves a single mortgage loan (i.e., "Plaintiff's Loan" or the "Loan") and a single plaintiff (i.e., Plaintiff). Defendant's liability entirely hinges on whether Defendant erred in the day-to-day servicing of Plaintiff's Loan--nothing more." [Doc. 78 at *4] | "As explained above, this is a simple case. It involves a single mortgage loan and a single plaintiff. It involves a limited number of issues and a very limited portion of Defendant's mortgage servicing operations." [Doc. 121 at *10] |

Specifically, Ocwen commits nearly the entirety of its motion to reconsider to the *very same* relevancy argument it offered previously. Todd has already responded to this argument and is not compelled to do so again.

### C. Ocwen Fails to Present Newly Discovered Evidence

As with its rehashing of a failed argument, Ocwen's motion to reconsider does exactly what the Seventh Circuit Court of Appeals, and this Court, has previously held is forbidden: It presents issues and [unsupported] facts it could have raised previously. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). Rather, Ocwen now identifies for the first time, without an affidavit or exhibit in support, what it contends are irrelevant portions of the Risk Convergence Reports. It goes without saying this sprinkling of unsupported fact does not amount to evidence let alone "newly discovered evidence." More to the point, it offers nothing it could not have raised previously.

### D. Ocwen Fails to Allege the Existence of a Manifest Error

Ocwen's motion to reconsider should also be denied because it wholly fails to establish or even allege the Court has made a manifest error. The inappropriateness of this approach is aptly summarized by the Northern District of Illinois in *Patrick v. City of Chicago,* 103 F. Supp. 3d 907, 915 (N.D. Ill. 2015): "Plaintiff's motion for reconsideration cites precisely the same authority and raises precisely the same arguments as did his briefings ... The 'manifest error' Plaintiff complains of is simply that the Court held his asserted Brady material was discoverable with reasonable diligence when Plaintiff continues to believe it was not … Plaintiff can point to no newly-available appellate decisions that would lead the Court to reconsider its analysis[], no new evidence, and no instance in which the Court committed 'an error not of reasoning but of apprehension.' *Bank of Waunakee*, 906 F.2d at 1191. As such, he has failed to meet his heavy burden... *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party, instead

it is the wholesale disregard, misapplication, or failure to recognize controlling precedent") (quotation marks omitted)."

Here, just like the plaintiff in *Patrick*, Ocwen does not cite any new authority that would affect this Court's reasoning, only disappointment and frustration about the Court's decision.

### E. Ocwen Impermissibly Seeks to Create A New Privilege, A New Basis for Withholding Complete Documents or Information Based On A Self-Serving Standard of Relevancy.

Ocwen seeks to produce redacted Risk Convergence Reports or limit their production to the Risk Convergence Reports containing only information it deems relevant. This is highly inappropriate for a number of reasons. First, the practice of redacting for relevancy is not supported by the Federal Rules of Civil Procedure; the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege or work-product protection – and neither are present here. *See* Fed. R. Civ. P. 26(b)(5); *Bartholomew v. Avalon Capital Grp., Inc.,* 278 F.R.D. 441, 451 (D. Minn. 2011) ("What constitutes relevant information is often a matter of judgment, and even irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.") *See also In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.,* 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions are generally unwise. They breed suspicions, and they may deprive the reader of context.")*." U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC,* 2015 WL 2148394, at *2 (N.D. Ill. May 5, 2015). See also Steven J. Purcell, Document Production in Federal Litigation: Can You Redact for Nonresponsiveness or Irrelevance?, 59-Dec. Fed. Law. 22 (discussing lack of support for

relevance redactions). In fact, this Court has previously denied what Ocwen now seeks; leave to unilaterally redact on the basis of relevancy. *Bell v. Anthem*, 2016 U.S. Dist. LEXIS 194739 (S.D. Ind. Nov. 9, 2016)("The Court notes that the Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or as an objection that warrants redaction or a compilation of a privilege log. The impact of unilateral relevance redactions is measurable as it can give rise to suspicion, make documents confusing and/or difficult to use, and can result in expensive and timely litigation of collateral [*10] issues, including in camera reviews of documents by the Court.")("What constitutes relevant information is often a matter of judgment, and even "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.")

Similarly, Ocwen's offer to produce "one report (or more) so it can view it (them) while considering whether to require production of the entire document" is an empty gesture. Ocwen invites the Court to commit hours of its valuable time to revisiting an already decided issue in the form of making piecemeal relevancy determinations *without the benefit of having all the Risk Convergence Reports before it*. Ocwen's invitation would also have the effect of depriving Todd of the opportunity to challenge the specific determinations. As Ocwen knows, without **all** the Risk Convergence Reports there is simply no way for the Court to determine whether their topics, content, or format are consistent. As a result, even if the Court were inclined to create a "relevancy privilege" for withholding documents, or portions of documents, and conduct an *in camera* review, any set of rules or redactions that fit one or more Risk Convergence Reports will create an opportunity for Ocwen to withhold or redact damaging portions of the same under the

premise it was done in conformity with the Court's guidance. This is the exact situation Judge Brookman warned of in *Bell*.

### Conclusion

For the reasons identified herein, Plaintiff Roger Todd respectfully requests the Court deny Defendant Ocwen Loan Servicing, LLC.'s Motion to Reconsider [Doc. 121]. In the alternative, should the Court be inclined to grant Defendant Ocwen Loan Servicing, LLC's Motion to Reconsider in part, Plaintiff Roger Todd respectfully requests the Court enter an Order instructing Defendant Ocwen Loan Servicing, LLC. to produce all Risk Convergence Reports to chambers for an *in camera* review with counsel of record.

Respectfully submitted,

/s/ *Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
tcohron@clarkquinnlaw.com
*Counsel for the Plaintiff*

/s/ *Nick Wooten*
Nick Wooten
**NICK WOOTEN, LLC**
5125 Burnt Pine Drive
Conway, Arkansas 72034
nick@nickwooten.com
*Counsel for the Plaintiff*

/s/ *Rusty A. Payton*
Rusty A. Payton
**PAYTON LEGAL GROUP**
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
info@payton.legal
*Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David M. Schultz
Joseph D. Kern
**HINSHAW & CULBERTSON**
dshultz@hinshawlaw.com
dkern@hinshawlaw.com
*Attorneys for Ocwen Loan Servicing, Inc.*

                                                       */s/ Travis W. Cohron*
                                                     Travis W. Cohron, No. 29562-30

**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204