UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROGER TODD                        )
                                  )
            Plaintiff,  )
                                  )
vs.                               ) CAUSE NO:
OCWEN LOAN SERVICING, INC. ) 2:19-cv-00085-JMS-DLP
And DEUTSCHE BANK NATIONAL )
TRUST CO., as Trustee for  ) January 16, 2020
NovaStar Mortgage Funding  )
Trust Series 2007-1        )
                                  )
            Defendants.)

Before the

HONORABLE DORIS L. PRYOR

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE

COURT TRANSCRIBER:      Jodie Franzen, RPR
                        United States District Court
                        46 East Ohio Street
                        Room 309
                        Indianapolis, Indiana 46204

*PROCEEDINGS TAKEN BY ELECTRONIC SOUND RECORDING*

APPEARANCES


FOR THE PLAINTIFF:   Mr. Nicholas H. Wooten
                     ATTORNEY AT LAW
                     5125 Burnt Pine Drive
                     Conway, Arkansas 72034
                     nick@nickwooten.com



                     Mr. Travis W. Cohron
                     CLARK QUINN MOSES SCOTT & GRAHN LLP
                     320 North Meridian Street
                     Suite 1100
                     Indianapolis, Indiana 46204
                     tchoron@clarkquinnlaw.com



FOR THE DEFENDANTS: Mr. Joseph D. Kern
                    HINSHAW & CULBERTSON, LLP
                    151 North Franklin
                    Suite 2500
                    Chicago, Illinois 60606
                    jkern@hinshawlaw.com

```
 1                        (In camera)

 2            THE COURT:  Good morning.  This is Judge Pryor.

 3  We're here on January 16th, 2020.  The time is approximately

 4  10:03 a.m., and we're here for a discovery dispute that the

 5  Court was made aware of.  And before we move forward, the

 6  record is electronic.  This is Doris L. Pryor, Magistrate

 7  Judge.

 8            And on behalf of Mr. Todd, Mr. Cohron, are you on

 9  the line?

10            MR. COHRON:  I am, Your Honor.  Good morning.

11            THE COURT:  Good morning.  And I understand

12  Mr. Wooten we have you as well.

13            On behalf of Ocwen, do we have Mr. Kern?

14            MR. KERN:  Yes, Your Honor.  Good morning.

15            THE COURT:  Good morning.

16            All right.  So there are two issues that were raised

17  this morning for us to take up.  First, the non-party subpoena

18  to StoneTurn Group at the last discovery dispute conference on

19  December 19th, I had given counsel, Mr. Kern, the authority to

20  file a motion for a protective order related to those

21  subpoenas, and so the plaintiffs are wanting to somewhat get a

22  status as to where we are with that filing.

23            MR. COHRON:  Judge, if I may, we have had an initial

24  conversation with Mr. Kern, and it is our understanding that

25  that will be filed tomorrow, our point, concern, or question
```

1   is the appropriateness of and seeking the Court's authority to

2   proceed with moving to compel StoneTurn Group within or

3   separate to our response in opposition to the motion for

4   protective order.  As the Court is aware, or we touched on

5   briefly before, there are two separate issues here.  Ocwen is

6   intending to move for a protective order as to that subpoena,

7   but also StoneTurn Group independently has refused to produce

8   any documents or respond to that subpoena despite not moving

9   to quash, so we would like the Court's approval to proceed

10  with the motion to compel them to comply simultaneous with our

11  response in opposition to the protective order.

12          THE COURT:  I'm sorry, Mr. Cohron, I don't quite

13  appreciate or understand what your issue is.  Can you --

14          MR. COHRON:  Judge, we haven't raised or haven't

15  discussed previously moving to compel to StoneTurn Group.

16          THE COURT:  Correct.

17          MR. COHRON:  So I guess we're here today, and part

18  of this discussion is seeking the Court's approval to compel

19  them to produce these documents simultaneous with us

20  responding to an opposition to the defendant's motion for

21  protective order.

22          THE COURT:  So you are -- Mr. Cohron, what are you

23  wanting to file again?  I'm sorry.

24          MR. COHRON:  We are wanting to proceed with seeking

25  to compel StoneTurn Group to respond to the subpoena and

```
 1   request for the production of documents.
 2              THE COURT:  You want to be granted a permission kind
 3   of somewhat parallel, while they're filing a motion for a
 4   protective order to not require StoneTurn Group to respond,
 5   for you to be given the permission to file a motion to compel
 6   StoneTurn Group to respond?
 7              MR. COHRON:  Simultaneous in response to, correct,
 8   Judge.
 9              THE COURT:  Could that be covered in your response
10   to the motion for protective order?
11              MR. COHRON:  It will be, Judge.  I just wanted to be
12   clear that there are two issues here.  One, Ocwen, of course
13   seeking the protective order; but, two, we still need and are
14   not optimistic about getting StoneTurn Group to comply absent
15   the Court order.
16              THE COURT:  So when was their response, StoneTurn
17   Group's response due?
18              MR. COHRON:  Their response to the subpoena would
19   have been due on December 5th.
20              THE COURT:  Would we need a separate motion?  Could
21   we not cover this in the response for your motion for
22   protective order, or is it your concern because the deadline
23   has passed and we don't have an order from -- and basically
24   you're kind of held to waiting until --
25              MR. COHRON:  Right, Judge, we're in limbo.  Our
```

```
 1   concern is that we respond in opposition to the motion for

 2   protective order in the event the Court were to deny that.  We

 3   still are, you know, nowhere closer to retaining the document

 4   without StoneTurn Group complying.

 5            MR. WOOTEN:  This is --

 6            THE COURT:  Thank you, Mr. Wooten.  The Court is not

 7   going to allow that to happen at this juncture, if we know

 8   that the motion for protection order is going to be filed on

 9   tomorrow.  If it's not filed by the 17th -- if it's not filed,

10   as the representation has been made by Mr. Kern, for it to be

11   done by tomorrow, I do agree, Mr. Cohron, that you should not

12   be held somewhat in limbo waiting for that to be filed, so

13   what the Court is going to do then is allow that -- if the

14   motion is not filed by the 17th, as represented by defense

15   counsel as to that point, then I do tend to agree that a

16   motion to compel would be ripe, and so if you could give us --

17   or give the Court at least that 24-hour window.

18            MR. COHRON:  Happy to, Judge.

19            MR. WOOTEN:  Your Honor, this is Nick Wooten for

20   Mr. Todd.  I want to make a point of clarification that may

21   help Your Honor understand the concern, the distinction that's

22   at issue.  We did receive some objections from StoneTurn Group

23   substantively that may be separate and apart from the issues

24   that we expect Mr. Kern to address.

25            THE COURT:  What I understand, kind of the posture
```

```
 1   of the case, Mr. Wooten, is that StoneTurn Group essentially

 2   said we're not going to respond because Ocwen requested that

 3   we not.

 4              MR. WOOTEN:  That was one of the reasons, Your

 5   Honor, and then they had a couple of substantive issues.  And

 6   it may very well be that these issues they raise substantively

 7   will be covered by Mr. Kern.  My only request would be if

 8   there was a substantive point that they raised in their

 9   objections that were not brought to the Court's attention by

10   Mr. Kern, that we be allowed to address those in our response

11   just so the Court is familiar with each of the potential

12   arguments that have been out there.

13              THE COURT:  I do agree, because we kind of have

14   these parallel tracks, Mr. Wooten, I do believe that that

15   would be appropriate.  If there is a substantive objection

16   that is not covered by the motion for protective order, would

17   it be at that point necessary to file a separate motion to

18   compel on that issue?

19              MR. WOOTEN:  Right.

20              THE COURT:  Yes.

21              MR. WOOTEN:  My point, Your Honor, I thought we

22   should probably just point out in our briefing that this was a

23   separate issue raised by StoneTurn Group that Mr. Kern and

24   Ocwen did not raise and give you our perspective on that issue

25   and then Ocwen could respond to that issue in their reply.
```

1              THE COURT:  Yes, I think that's appropriate.

2              MR. WOOTEN:  And I think that will get us all to the

3    point that we want to be of having these concerns addressed

4    and you being able to give us your guidance on these concerns.

5              THE COURT:  So what the Court is going to permit to

6    do, is that give Mr. Kern the opportunity to file the motion

7    for protective order by tomorrow with the understanding that

8    the response that will be due from Mr. Todd, from plaintiff's

9    counsel, will address those concerns raised in the motion.  If

10   there are any additional substantive issues or substantive

11   objections that have been raised by StoneTurn Group, putting

12   Mr. Kern on notice that that will be included in the response

13   to the motion for protective order.

14             Mr. Kern, do you have any concerns if we proceed

15   procedurally this way so that your response will be addressed

16   in your reply?

17             MR. KERN:  No, Your Honor, I don't.  The only -- I

18   guess I do in one sense that if they are going to be raising

19   responses to the StoneTurn Group's objections, I don't

20   represent the StoneTurn Group, so I cannot respond to

21   objections it made that we're not also making that form the

22   basis of motion for protective order, but I don't have a

23   problem with luring the Court to them because perhaps there is

24   a way if you are going to deny our motion for protective order

25   regarding that subpoena and also substantively address some of

```
 1   the other objections that StoneTurn Group raised, you know, we

 2   can perhaps use that order and short-circuit this process and

 3   not have to go deal with what I think Travis was alluding to

 4   was filing a separate motion to compel, StoneTurn Group sees

 5   the writing on the wall in the event you deny our motion for

 6   protective order.  I think that order hopefully would

 7   short-circuit or avoid further motions on the subpoena.  So I

 8   don't have any problem with that.  I just wanted to alert the

 9   Court that I don't know I have standing to respond to any --

10          THE COURT:  -- any additional objections that they

11   address as to StoneTurn Group.

12          MR. KERN:  Exactly.

13          THE COURT:  All right.  All right.

14          MR. COHRON:  Judge --

15          THE COURT:  Knowing that --

16          Yes, Mr. Wooten?

17          MR. COHRON:  I'm Mr. Cohron.

18          THE COURT:  Oh, I'm sorry.

19          MR. COHRON:  Joe raises a valid point.  Not to

20   further muddy the waters here, but I think the Court's initial

21   inclination about us filing -- getting authority and filing a

22   separate motion to compel based on those other action -- other

23   items not included in the protective order will be most

24   appropriate.  We will need, you know, to, I suspect --

25          THE COURT:  I think you've got to pull StoneTurn
```

```
 1   Group into the conversation.

 2              MR. COHRON:  Correct, Judge.

 3              THE COURT:  So I agree that what we're going to have

 4   to see, I'm going to tell -- I'm going to tell my family the

 5   same thing this afternoon, just go with Judge's first mind.

 6   No?  No?  Okay.  My staff is saying that's not appropriate.

 7              So what we're going to do is give Mr. Kern an

 8   opportunity to respond -- I'm sorry, to file the motion for

 9   protective order by tomorrow and give Mr. Todd's counsel an

10   opportunity to file their response.  If there are additional

11   substantive objections that StoneTurn Group has made to the

12   subpoena, after we have had an opportunity to review, I am

13   giving Mr. Cohron and Mr. Wooten authority to file a motion to

14   compel as to StoneTurn Group to those additional substantive

15   issues.

16              MR. WOOTEN:  All right.  Thank you, Your Honor.

17              THE COURT:  Let me take some notes really quick.

18   Give me just a second. (Pause.)

19              All right.  Issue two is email jointly filed by the

20   parties, agree to reschedule 30(B)(6) deposition, and

21   requesting an extension for case management plan deadlines.

22              MR. COHRON:  That is correct, Judge.

23              THE COURT:  All right.  Have the parties had an

24   opportunity to draft or at least propose what those deadlines

25   would be?
```

```
 1              MR. COHRON:  We have, Judge.  And we will be

 2   submitting a joint motion, should the Court believe that that

 3   is appropriate, setting forth the 90-day extension for those

 4   existing deadlines.  We will of course need the Court's

 5   guidance on moving the settlement conference.  If the Court is

 6   asking for the specific dates, I can provide those.

 7              THE COURT:  Yes.  I think let's cover that in your

 8   motion.

 9              MR. COHRON:  Okay.

10              THE COURT:  So filing a joint motion, that's the

11   appropriate way.

12              And in regards to moving the settlement conference,

13   where do we have it right now?

14              MR. KERN:  I think it's March 5th.  Yeah, it's

15   currently March 5th.

16              THE COURT:  And what were you all wanting to move it

17   to?

18              MR. KERN:  Early June, Travis?

19              MR. COHRON:  May or June, Judge.  Ultimately we're

20   just seeking clarity from the Court on some of these other

21   issues, so depending on the docket and caseload, which I

22   imagine is pretty incredible, to say the least, we just want

23   to make sure we're beyond that and have the deposition behind

24   us before we go to settlement conference.

25              THE COURT:  If the 90 day-extension is granted as to
```

1    the liability discovery, where would the discovery cutoff be?

2              MR. WOOTEN:  One second, Your Honor.

3              MR. KERN:  I believe it was right around June 17th.

4              THE COURT:  Okay.

5              MR. KERN:  June 15th, Your Honor.  I'm looking at

6    May 22nd.  That's a Friday.  Or we would have to do it after

7    discovery closes.

8              MR. COHRON:  Judge, May 22nd works for me.  I don't

9    know if Nick and Joe want to weigh in as to the discovery

10   deadline, but the date certainly works.

11             MR. KERN:  The date works for me as well, Your

12   Honor.  I'm not sure if that is Memorial Day weekend or not.

13   I don't know if that complicates things in terms of our

14   respective clients.

15             THE COURT:  Now I know why I don't have anything

16   scheduled.  Memorial Day falls on the 25th.

17             MR. KERN:  I know that may not be the best.  And I'm

18   fine with doing it after the close of discovery in this

19   situation.  I think both parties are going to want -- this

20   isn't a case where I think a settlement conference will be too

21   fruitful unless the parties really know each other's positions

22   and all facts are on the table, so I would not be opposed to

23   doing after-the-fact discovery, but I don't know what Nick and

24   Travis' thoughts are on that.  We haven't discussed that.

25             THE COURT:  I have June 18th at 1:30.

1          MR. KERN:  That works for defendants.

2          MR. WOOTEN:  The June date would be preferable for

3    me.  I was trying to check my calendar to be sure -- and it

4    turned out I was right -- my daughter's graduation would have

5    been the night before the 22nd of May.

6          THE COURT:  Yeah, I think you should be there.  I

7    mean I don't want to judge you on that, but I think you should

8    be there.

9          MR. WOOTEN:  I'm not prepared to miss that and spend

10   the rest of my life trying to fix that.

11         THE COURT:  That's a lot of counseling that would

12   have to go with that afterwards.

13         MR. WOOTEN:  Right now the June 18th date is

14   perfectly clear for me, Your Honor, so that would be fine if

15   that works for the Court.

16         THE COURT:  Is there anything else that we need to

17   take up on this call?

18         MR. COHRON:  Nothing further, Judge.

19         THE COURT:  Okay.  Mr. Kern?

20         MR. KERN:  No, nothing further, Your Honor.

21         THE COURT:  THE COURT:  Okay.  Thank you.  Take

22   care.

23                    (Adjourned)

24

25

1

2                    CERTIFICATE OF COURT TRANSCRIBER

3

4            I, Jodie Franzen, court-approved transcriber,

5      certify that the foregoing is a correct transcript from the

6      official electronic sound recording of the proceedings in the

7      above-entitled matter.

8

9

10     s/s Jodie Franzen                    March 6, 2020
       Signature of Approved Transcriber
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25