**ATTORNEYS AT LAW**

151 North Franklin Street
Suite 2500
Chicago, IL  60606

312-704-3000
312-704-3001 (fax)
**www.hinshawlaw.com**



February 14, 2020

**VIA EMAIL**

Honorable Doris L. Pryor
mjpryor@insd.uscourts.gov

Travis W. Cohron
Clark Quinn Moses Scott & Grahn LLP
320 North Meridian Street, Suite 1100
Indianapolis, IN 46204
tcohron@clarkquinnlaw.com

Nick Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, AR 72034
*nick@nickwooten.com*

Rusty A. Payton
PAYTON LEGAL GROUP LLC
20 North Clark Street, Suite 3300
Chicago, IL 60601
info@payton.legal

> Re: Todd v. Ocwen, et al.
> Case No. 2:19-cv-00085-JMS-DLP (S.D. of Ind.)
> Update Regarding RealServicing Data and Emails from
> January 1, 2015 to the Present

Dear Honorable Doris L. Pryor:

Your Honor requested Altisource Solutions, Inc. ("Altisource") answer the below questions:

1) Who has the loan data or information from RealServicing from January 1, 2015 to the present?

Ocwen maintains data from REALServicing on its new servicing platform, which is known as Black Knight or MSP.  The data from REALServicing migrated to MSP last year.  Although Plaintiff's counsel cited language from the February 2019 binding term sheet between Ocwen and Altisource to incorrectly suggest that Ocwen allegedly has a continuing right to "query, view, read, and extract REALServicing data," Plaintiff's counsel took this language out of context and failed to identify for the Court any of the other provisions explaining how Ocwen's access to

1028072\305180231.v1

Exhibit I

February 14, 2020
Page 2

REALServicing would come to an end and the REALServicing platform would be decommissioned.  The language cited by Plaintiff's counsel concerns the limited access rights that Ocwen had to REALServicing while the data was being migrated to MSP.  This language even appears in the definition of a term called "REALServicing Limited Access."  A few provisions later, however, the term sheet states in clear and unambiguous terms that "[f]ollowing expiration of the REALServicing Initial Access Period . . ., Altisource will have no responsibility to provide Ocwen with access to REALServicing Technology or any data or *to maintain the same on Ocwen's behalf*" (emphasis added).  Consistent with these provisions, the REALServicing platform was decommissioned last year following the data migration to MSP, and the platform no longer exists.  Access to some REALServicing data may be available on back-up tapes; however, the cost to recall and restore such tapes, along with the cost to rebuild the platform that would allow Altisource to upload, search, and review the data would be significant.  The Court should not impose this significant burden on non-party Altisource to determine *if* the back-up tapes contain data from RealServicing regarding Plaintiff's mortgage loan.  This is even more true considering the data from REALServicing has been transferred to MSP and the data that Plaintiff's counsel is requesting has already been provided to him.

2)      Who has possession of Ocwen emails from January 1, 2015 to the present?

Altisource does not have any Ocwen emails on its Outlook Exchange server.  There may be certain Ocwen emails prior to June 11, 2017 on back-up tapes maintained by Iron Mountain to the extent that Altisource and Ocwen emails were jointly stored on back-up tapes.  However, Ocwen's emails belong to Ocwen, not Altisource, and Altisource does not have the legal or contractual right to produce emails belonging solely and exclusively to Ocwen.  Altisource denies it has any obligation to recall, restore, and search back-up tapes for Ocwen's emails.  Even if it did, the time, effort, and cost to do is significant.  It likely would cost tens of thousands of dollars, and potentially much more based on the open-ended search that Plaintiff's counsel is currently requesting.  The Court should not impose this significant burden on non-party Altisource to determine *if* the back-up tapes contain emails responsive to Plaintiff's counsel's request.  This is especially true when weighed against the marginal benefit of such emails (to the extent they even exist).

If you have any questions or would like to discuss, please do not hesitate to contact me.

                        Respectfully,

                    HINSHAW & CULBERTSON LLP

*Joseph D. Kern*

                      Joseph D. Kern
                 jkern@hinshawlaw.com
                       312-704-3417

1028072\305180231.v1

Exhibit I