UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROGER TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:19-cv-00085-JMS-DLP |
| | ) |
| OCWEN LOAN SERVICING, INC., | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| CO., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Defendant Ocwen Loan Servicing, Inc.'s Motion to Reconsider the Magistrate Judge's January 30, 2020 Order Regarding the Risk Convergence Reports, Dkt. [121]. The motion was referred to the Undersigned for ruling and, for the reasons set forth below, is hereby **DENIED**.

### I.   PROCEDURAL HISTORY

During the course of discovery in this case, Plaintiff requested that Defendant Ocwen Loan Servicing, Inc.[1] ("Ocwen") produce various spreadsheets, called "Risk Convergence Reports,' that tracked regulatory violations and potential areas of concern with Ocwen's REALServicing platform. (Dkt. 67-11 at 2). Plaintiff requested that Ocwen produce "all Risk Convergence Reports created between January 1, 2014 and August 31, 2016." (Dkt. 67-11 at 2). The Defendant objected on

---

[1] The Defendant consistently notes in filings that the Plaintiff improperly sued "Ocwen Loan Servicing, Inc.," when the entity's proper name is "Ocwen Loan Servicing, LLC." The Defendant, however, has yet to file a motion to correct the caption, so the Court will use the Defendant's name as it appears on the docket at this time.

several grounds, including relevance. (Dkt. 78 at 2). With the Court's permission, the Plaintiff ultimately filed a Motion to Compel Production of the Risk Convergence Reports on November 20, 2019. (Dkt. 66). On January 30, 2020, the Undersigned issued an order overruling Ocwen's objections, granting the Plaintiff's Motion to Compel, and ordering Ocwen to produce the requested Risk Convergence Reports. (Dkt. 114). On February 9, 2020, Ocwen filed the present motion requesting reconsideration of the Court's January 30, 2020 order. (Dkt. 121).

The parties then requested that the Court hold the present motion in abeyance while they attempted to resolve the production issue on their own, and the Court granted that request on April 6, 2020. (Dkt. 150). The parties later informed the Court by email that they did not come to a resolution and that the Motion to Reconsider would still require a ruling. As such, the Motion to Reconsider (Dkt. 121) is now fully briefed and ripe for decision.

## II. LEGAL STANDARD

Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b), which provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (noting "the practically unbridled discretion of a district court to reconsider a previous interlocutory order."). The grounds for reconsideration are intentionally few and narrowly drawn, *Novelty, Inc. v. Mountain View Mktg., Inc.*, No. 1:07-cv-01229-SEB-JMS, 2010 WL 11561280, at *2 (S.D. Ind.

Jan. 29, 2010), and a successful motion to reconsider requires the movant to show that "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012).

Motions for reconsideration do not give a party the opportunity to rehash old arguments or to present new arguments or evidence that could and should have been presented to the district court prior to the judgment. *Uccardi v. Lazer Spot, Inc.*, 390 F. Supp. 3d 911, 913 (N.D. Ill. 2019); *Davis*, 286 F.R.D. at 412. Instead, "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Gentry v. Floyd Cty.*, No. 4:14-cv-00054-RLY-TAB, 2016 WL 4088748, at *2 (S.D. Ind. July 25, 2016) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Whether to grant a motion to reconsider is committed to the sound discretion of the district court. *Caisse Nationale*, 90 F.3d at 1270.

### III. DISCUSSION

Defendant Ocwen contends that the Court should reconsider its January 30, 2020 order because "**all** Risk Convergent Reports" are not relevant to this case. (*See* Dkt. 121). Ocwen offers to submit one report to the Court so that it may consider whether Ocwen need produce all of the reports. (Dkt. 121 at 3). Plaintiff argues in response that Ocwen is simply rehashing the same relevance argument from the

briefing on Plaintiff's motion to compel, and has not pointed out any manifest error or presented any newly discovered evidence. (Dkt. 127).

Defendant maintains that all of the Risk Convergence Reports are not relevant because the reports include such categories as "Hawaii Mediation Correspondence" and "W-9 Form Completion by Contractors." (Dkt. 121 at 13). The Court is inclined to agree that these categories might not be relevant. Even though it appears that Ocwen was in possession of this information when filing its response to the Plaintiff's motion to compel, the Defendant provides no explanation, however, for why it did not submit this evidence to the Court at that time. It is only now, in its request for reconsideration, that the Defendant attempts to explain why individual categories within the Risk Convergence Reports are not relevant to Plaintiff's claims in this case.

Ocwen asks the Court to reassess an argument previously presented, namely that the Risk Convergence Reports are not relevant to the Plaintiff's claims. During the briefing on the Plaintiff's motion to compel, Ocwen argued that all Risk Convergence Reports were irrelevant to Plaintiff's claims. (Dkt. 78). Now that the Court has deemed the reports relevant, Ocwen attempts to argue relevance on an individual basis, category by category. Defendants' failure to present all necessary information to the Court during the briefing process on Plaintiff's motion to compel is not a sufficient reason for this Court to reconsider its January 30, 2020 order.

Ocwen has reiterated its relevance argument while introducing evidence that should have been presented earlier; moreover, Ocwen has failed to demonstrate a

4

manifest error in law or fact or an error of apprehension. Accordingly, Ocwen's request for reconsideration is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Ocwen Loan Servicing, Inc.'s Motion to Reconsider the Magistrate Judge's January 30, 2020 Order Regarding the Risk Convergence Reports, Dkt. [121], is **DENIED**. Defendant Ocwen must produce the requested Risk Convergence Reports within seven (7) days of this Order.

So ORDERED.

Date: 9/15/2020

Hon. Doris L. Pryor
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record.