# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# Terre Haute Division

| | |
|---|---|
| **ROGER TODD**, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-85-JMS-DLP |
| ) | |
| **OCWEN LOAN SERVICING, LLC.**, and ) | |
| **DEUTSCHE BANK NATIONAL TRUST CO.**, ) | |
| as Trustee for NovaStar Mortgage Funding Trust, ) | |
| Series 2007-1, ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF'S MOTION TO COMPEL AND EXTEND THE DEPOSITION OF 30(B)(6) DEPONENT

In accordance with Rule 30(d) of the Federal Rules of Civil Procedure, Plaintiff Roger Todd ("Todd") respectfully requests that this Court grant additional time to complete the deposition of Defendant Ocwen Loan Servicing, LLC.'s ("Ocwen") corporate representative. In support of this motion, Todd states as follows:

### Introduction

The parties have currently scheduled Ocwen's corporate representative deposition for December 17, 2020. Due to the amount of factual material to cover, Todd will be unable to complete the deposition in seven hours or one day. This issue has been discussed with Counsel for Ocwen, and touched upon during previous status conferences, but no resolution has been reached. In light of the upcoming holiday season, impending discovery deadlines, and the reasons set forth in detail below, Todd seeks to extend the deposition of Ocwen's 30(b)(6) corporate representative to three seven hour days and compel appearance for the same.

**Argument**

The length of a deposition is governed by Rule 30(d)(1) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 30(d)(1) sets a presumptive limit for depositions as "1 day of 7 hours." However, FRCP 30(d)(1) allows for allowance of additional time under certain circumstances. To rebut the presumptive "1 day of 7 hours" limitation, "the moving party must show good cause exists to depose a witness beyond seven hours." *United States v. City of Evansville*, 2012 U.S. Dist. LEXIS 125786 at *4 (S.D. Ind. Sep. 5, 2012) (citing Advisory Comment (2000 Amendment Subdivision (d))). FRCP 30(d)(1) "directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. A variety of factors may be considered in determining whether good cause exists to extend a deposition including: (1) if it is to cover events occurring over a long period of time; (2) if the sheer volume of documents, facts, and legal issues involved necessitate such an extensions; (3) if the deponent is a "vital material witness"; and, (4) if the case is particularly complex. Advisory Comment (2000 Amendment Subdivision (d)); *see also Evansville*, 2012 U.S. Dist. LEXIS 125786 at *6-7 ("Allegations of damages spanning many years is a potential justification for allowing additional time."); *Valley Forge Ins. Co. v. Hartford Iron & Metal*, 2016 U.S. Dist. LEXIS 201652 at *7 (N.D. Ind. Nov. 4, 2016) ( "Considering [the deponent's] role in the case and the parties' logistics, in this particular instance it is most prudent to approve the extended deposition in advance of conducting the deposition.").

However, "[e]ven if good cause is found, the court must limit the additional time if it determines that the party seeking additional discovery has had ample opportunity to obtain the information, the burden proposed outweighs its likely benefit, the discovery is unreasonably cumulative or duplicative, or it can be obtained through 'some other source that is more

convenient, less burdensome, or less expensive.'" *Evansville*, 2012 U.S. Dist. LEXIS 125786 at *4-5 (citing Fed. R. Civ. P. 26(b)(2)(C)).

## Argument

Good cause exists to extend the deposition of Ocwen's 30(b)(6) corporate representative to three seven hour days because the instant matter satisfies each of the foregoing factors. First, the sheer volume of documents and factual issues to be covered during the deposition alone favor extending the deposition. *See Evansville, 2012 U.S. Dist. LEXIS 125786 at *6-7*; *see also In re Intel Corp. Microprocessor Antitrust Litigation*, No. 05-1717-JJF, 2008 WL 5377979, at *2 (D. Del. Dec. 18, 2008) (extending the duration of witnesses' depositions after noting the "eight years of particularized knowledge by [the non-party witnesses]" and the "thousands of documents."). Here, in addition to hundreds of loan level transactions, Todd seeks testimony covering thousands of pages of documents, most requiring particularized knowledge, on topics including without limitation Ocwen's servicing processes and servicing platform REALServicing, Risk Convergence Reports, investigative procedures responsive to Notices of Error and ACDVs, and the Monitor Reports produced by StoneTurn Group. *See* Ex. A. Further, like the case of *In re Intel Corp. Microprocessor Antitrust Litigation*, these topics span a period of time in excess of eight years.

Second, the complexity of the instant matter speaks for itself. Todd has brought claims against Ocwen seeking compensatory, statutory, *and punitive damages* for violation of the FCRA, 15 U.S.C. 1681n,[1] the RESPA, 12 U.S.C. § 2601 *et seq.*,[2] the IDCSA, Ind. Code § 24-5-

---

[1] Todd contends Ocwen has acted "willfully" by taking actions entailing "an unjustifiably high risk of harm that [was] either known or so obvious that it should be known." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 70-71 (2007); *see also Graham v. CSC Credit Servcs.*, 306 F.Supp.2d 873, 880-81 & n.1 (D. Minn. 2004) (An "intentional policy decision" not to change its system in the face of changing times or clear need raises a question of willfulness.).

0.5-2,[3] the ICVRA, Ind. Code § 34-24-3-1,[4] and the discharge injunction, 11 U.S.C. § 524 *et seq*.[5] As noted above, this case is not merely about Todd's loan or an unforeseeable employee error – it involves a knowing "pattern and practice" of mortgage servicing misconduct, Ocwen's refusal to address both curable and incurable deficiencies known to exist with regard to REALServicing which have had the effect of creating widespread manufactured states of default generally and with regard to Todd's loan specifically and, thus, willfully indifferent conduct.

Third, the 30(b)(6) deponent is of vital importance and Ocwen has repeatedly opposed Todd's attempts to depose current and former employees on the basis all necessary testimony could be obtained via the 30(b)(6). (insert reference to previous arguments re Ron Faris, only the corporate reps testimony can "bind" Ocwen, few other sources of testimony. *See generally* [D.E. 58] (Ocwen's Motion to Quash the Subpoena for the Deposition of Ron Faris, Ocwen's former Chief Executive Officer, and for a Protective Order, basing a significant portion of their argument on the principle that information proposed to be obtained from Faris during the deposition could be obtained through less obtrusive means, such as through a 30(b)(6) deposition of Ocwen's corporate representative); [D.E. 68] (Ocwen's Reply in Further Support of its Motion to Quash the Subpoena for the Deposition of Ron Faris and for a Protective Order, in

---

[2] In order to recover statutory damages, the plaintiff must show "a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B). "Pattern or practice" is not defined by a specific number of offenses; rather, the term suggests a routine and knowing manner of operating. However, "pattern and practice" may entail allegations and analysis into similar servicing misconduct affecting other borrowers. *See, e.g.*, *Quimby v. Caliber Home Loans*, 2015 WL 3751511, at *2 (S.D. Ind. Apr. 22, 2015); *see also Obazee v. Bank of NY Mellon*, 2015 WL 8479677 (N.D. Tex. Dec. 10, 2015).
[3] "Incurable deceptive act" means a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead.
[4] "A person who *knowingly* or *intentionally* exerts unauthorized control over property of another person" commits Conversion under Ind. Code § 35-43-4-2(b).
[5] "To prove that a discharge injunction has been violated, "the debtor must show that the creditor acted intentionally, *with knowledge* that his act would be in violation of the automatic stay [or injunction].'" *Romanucci & Blandin, LLC v. Lempesis*, 2017 U.S. Dist. LEXIS 71526, at *12 (N.D. Ill. May 4, 2017).

which Ocwen doubled-down on its assertion that the information sought to be obtained from Faris could be obtained by other less obtrusive means, such as through a 30(b)(6) deposition).

Finally, it is not uncommon in the Seventh Circuit for extensions of deposition time to be granted in advance. *See, e.g.*, *Valley Forge,* 2016 U.S. Dist. LEXIS 201652; *Marshall v. GE Marshall, Inc.*, No. 2:09 cv 198, 2012 WL 405714 (N.D. Ind. Feb. 8, 2012); *Canal Barge Co. v. Commonwealth Edison Co.*, Case No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097 (N.D. Ill. July 19, 2001). These courts have based their decisions to preemptively grant a motion for extension of time on reasons such as the deponent's role in the case and the parties' logistics, the complexity of the case, the number of claims, parties, and documents involved, and the need to refer to numerous accompanying documents while conducting a factually complex deposition. *Valley Forge,* 2016 U.S. Dist. LEXIS 201652 at *8 ("Considering [the deponent's] role in the case and the parties' logistics, in this particular instance it is most prudent to approve the extended deposition ***in advance of conducting the deposition***.") (emphasis added); *Marshall*, 2012 WL 405714 at *1 (approving an extended deposition ***in advance*** due to the complexity of the case and the number of claims, parties, and documents involved); *Canal Barge Co.*, 2001 U.S. Dist. LEXIS 10097 at *11-12 (preemptively authorizing up to three seven hour days of deposition based on the "factual complexity of discussing repair work performed on 56 barges and the need to refer to numerous accompanying documents").

## Conclusion

For the foregoing reasons, the Court should authorize the extension of the deposition of Ocwen's 30(b)(6) corporate representative to three seven hour days and compel appearance for the same.

*Respectfully submitted,*

/s/ *Travis W. Cohron*
Travis W. Cohron, No. 29562-30
CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
Fax: (317) 687-2344
tcohron@clarkquinnlaw.com

*/s/ Nicholas H. Wooten*
Nicholas H. Wooten, No. ASB-1870-o77n
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, AR 72034
Telephone: (833)-937-6389
nick@nickwooten.com


*/s/Rusty A. Payton*
Rusty A. Payton, IL Reg No. 6201771
Payton Legal Group
20 North Clark Street
Suite 3300
Chicago, IL 60602
Telephone: (773) 682-5210
info@payton.legal

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10th, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David M. Schultz
Joseph D. Kern
James M. Lydon
**HINSHAW & CULBERTSON**
dshultz@hinshawlaw.com
dkern@hinshawlaw.com
jlydon@hinshawlaw.com
*Counsel for Defendants*

                                        */s/ Travis W. Cohron*
                                        Travis W. Cohron, No. 29562-30

**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204